IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2006 OCT 31  A 10: 28

| | | |
|---|---|---|
| JEFFREY BARRON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:06CV983 - MHT |
| | ) | MIDDLE DISTRICT ALA |
| v. | ) | Chambers County Circuit Court |
| | ) | Civil Action No.: CV06-136 |
| WERNER ENTERPRISES, INC., a corporation, et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## REMOVAL PETITION

COMES NOW the Defendant, **Werner Enterprises, Inc.**, (hereinafter referred to as "Defendant"), and files its Notice of Removal and shows unto the Court as follows:

1.     Plaintiff filed this action in the Circuit Court of Chambers County, Alabama, on or about June 19, 2006, as Civil Action No.: 06-136. The Complaint named the following Defendants: (1) Werner Enterprises, Inc., (2) Amhad Rashad Ranson, (3) the Chambers County Commission, and (4) William Lewis Jennings.  Werner Enterprises, Inc., filed an Answer on July 24, 2006 denying the allegations contained in the Plaintiff's Complaint.  The Chambers County Commission and William Lewis Jennings filed Motions to Dismiss and supporting briefs on July 25, 2006, citing absolute immunity as a defense.  The Circuit Court of Chambers County, Alabama entered an Order granting the Chambers County Commission's and William Lewis Jennings' respective Motions to Dismiss on October 25, 2006.  This notice is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the time allowed by law for the removal of civil actions to United States District Court.  The documents attached hereto as "Exhibit 1" constitute the entire court file for the civil action in the Circuit Court of Chambers County, Alabama.

-1-

2.      The Defendant files this notice of removal with the Court pursuant to 28 U.S.C. §§ 1441 and 1446 and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332. This notice of removal is timely filed because it is submitted within thirty (30) days from the day Defendant received "other paper from which it ... ascertained that the case is one which ... has become removable." 28 U.S.C. § 1446(b). The Chambers County Circuit Court's dismissal of the Chambers County Commission and William Lewis Jennings constitutes "other paper" from which the Defendant first learned that this case is removable. See Insinga v. La Bella, 845 F.2d 249, 254 (11th Cir. 1988)(holding case properly removed after the state court's dismissal of non-diverse defendant on sovereign immunity/jurisdictional grounds, which negated the voluntary-involuntary rule).

3.      Pursuant to 28 U.S.C. § 1446(d), the Defendant shows that a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Chambers County, Alabama. Further, the Defendant represents to this Court that a copy of this notice of removal is also being served upon counsel for Plaintiff.

4.      Complete diversity exists between the parties to this action. Upon information and belief, Defendant asserts that Plaintiff, Jeffrey Barron, is a citizen and resident of the State of Alabama. Defendant, Werner Enterprises, Inc., is a foreign Omaha, Nebraska. Thus, Werner Enterprises, Inc., is not a citizen of the State of Alabama for the purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Finally, as of the date of filing this notice of removal, the Plaintiff has not perfected service on the above-referenced defendant, Amhad Rashad Ranson. Even if the Plaintiff properly serves Mr. Ranson in the future, Mr. Ranson is a resident of the State of Louisiana and, therefore, his joinder to the lawsuit would not destroy complete diversity of citizenship amongst the

-2-

parties. The undersigned represents Mr. Ranson, who consents to this removal. Without waiver of any defenses or objections, the Defendant submits this notice of removal.

5.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and this action is between citizens of different states. The longstanding federal rule for determining a case's amount in controversy is to examine the plaintiff's complaint. See Lindsay v. American General Life & Accident Ins. Co., 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001). Here, the Plaintiff's Complaint does not specify a total amount of damages, but seeks compensatory and punitive damages in an amount in excess of $50,000.00. According to Eleventh Circuit Court of Appeals case law, when the plaintiff does not specify a monetary amount of damages in the complaint, the defendant "bears a lighter burden to prove merely by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount." Lindsay, 133 F. Supp. 2d at 1266. The Defendant avers that based upon the damages alleged in the Plaintiff's Complaint, the preponderance of the evidence indicates that the amount in controversy in this cause exceeds the sum or value of Seventy-Five Thousand Dollars and No Cents ($75,000.00), exclusive of interest and costs. The Plaintiff's Complaint alleges that he was caused to suffer the following:

a.     past medical bills;

b.     future medical bills;

c.     loss of earning capacity;

d.     lost wages;

e.     mental anguish;

f.     permanent disability; and

g.     loss of enjoyment of life.

-3-

6.    When ascertaining a case's amount in controversy, "state law is relevant to this determination insofar as it defines the nature and extent of the right plaintiff seeks to enforce. This includes applying state law rules regarding the applicable measure of damages and the availability of special and punitive damages." Lindsay, 133 F. Supp. 2d at 1277.

7.    Under Alabama law, "there is no fixed standard for the ascertainment of compensatory damages for mental anguish. A determination of how much to award is left up to the sound discretion of the jury, subject only to the correction of the court for clear abuse or passionate exercise." Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897, 907 (Ala. 1995); see also Alabama Power Co. v. Harmon, 483 So. 2d 386 (Ala. 1986).

8.    Additionally, in Merritt v. Roberts, 481 So. 2d 909, 911 (Ala. Civ. App. 1985), the Court held:

> We are aware that the law in Alabama states that the amount of damages for physical injury and pain and suffering must be left largely to the sound discretion of the jury, ... Furthermore, we recognize the rule that in cases in which pain and suffering are at issue no absolute standard exists by which adequacy of damages can be measured.

see also Pierce v. Strickland Paper Co., 653 So. 2d 306 (Ala. Civ. App. 1994) (stating that "[t]rial court erred when it increased the damages for pain and suffering, because it had no fixed and exact standard by which to measure those damages"); Jones v. Butts, 646 So. 2d 104 (Ala. Civ. App. 1994).

9.    In addition to compensatory damages, the Plaintiff could also recover punitive damages as sought in the Plaintiff's Complaint. According to Alabama statutory law, a plaintiff can recover punitive damages by presenting clear and convincing evidence of wantonness or otherwise egregious conduct. See ALA. CODE § 6-11-20 (1975). The Federal District Court for the Middle District of Alabama has stated that "[e]xemplary damages are included in the amount in controversy

as a general rule if they are legally recoverable." Steele v. Underwriters Adjusting Co., Inc., 649 F. Supp. 1414, 1417 n.5 (M.D. Ala. 1986). Because the Plaintiff has requested a punitive damage award, this Court should consider the potential award of such damages when deciding whether the Defendant has satisfied the amount in controversy requirement. Furthermore, the Fifth Circuit Court of Appeals has stated that "allegations as to punitive damages have as much bearing on the questions of federal jurisdiction as allegations as to compensatory damages." Paxton v. Weaver, 553 F.2d 936, 940 (5th Cir.1977) (quoting Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240 64 S. Ct. 5, 6, 88 L. Ed. 15, 18 (1943)).

10.     In the instant case, if liability, injuries and damages are proven according to the law that controls the theories set forth in the Plaintiff's Complaint, the jury in this cause could reasonably return a verdict in excess of Seventy-Five Thousand Dollars ($75,000.00). The Defendant does not admit or contend that it is liable to the Plaintiff and does not admit or contend that Plaintiff's damages necessarily exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Instead, the Defendant reasonably believes that based upon the legal theories asserted in the Plaintiff's Complaint, and the applicable Alabama law governing damages under those theories, the Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this cause.

11.     The Defendant cannot be deprived of their right to remove this cause to the United States District Court by Plaintiff's failure to demand a specific monetary figure. See Steele v. Underwriter's Adjusting Co., Inc., 649 F. Supp. 1414 (M.D. Ala. 1986).

12.     In the event the Plaintiff disputes that the amount in controversy exceeds the jurisdictional requisite, the Defendant requests leave to conduct discovery to determine the extent of the Plaintiff's claim to damages.

13.    There are fictitious party defendants designated in the complaint.  However, 28 U.S.C. § 1441(a) provides that "for purpose of removal under this Chapter, the citizenship of defendants sued under fictitious name shall be disregarded."

14.    The events complained of in this Complaint occurred in the State of Alabama, and said action is one over which the District Courts of the United States are given original jurisdiction and there is complete diversity of citizenship between the parties, and the jurisdictional sum or value exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, the Defendant gives notice that the above-action now pending in the Circuit Court of Chambers County, Alabama, is removed therefrom to this Court.

Charles F. Carr (CAR012)
Thomas L. Oliver, II (OLI013)
Lea Richmond, IV (RIC062)
Counsel for Defendant Werner Enterprises, Inc., and Amhad Rashad Ranson

**OF COUNSEL:**
**CARR ALLISON**
P.O. Box 1126
Daphne, Alabama 36526-1126
Telephone:    (251) 626-9340
Facsimile:    (251) 626-8928

100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the 31st day of October, 2006:

Timothy L. Dillard, Esq.
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203

Grant B. Smith, Esq.
**DENNIS, CORRY, PORTER & SMITH, L.L.P.**
Piedmont Fourteen
3535 Piedmont Road
Suite 900
Atlanta, Georgia 30305-4611

OF COUNSEL

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

JEFFREY BARRON, an individual,                )
                                              )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )        Civil Action No: _CV06-136_
                                              )
WERNER ENTERPRISES, INC., a corporation;)
AMHAD RASHAD RANSON, an individual;           )
CHAMBERS COUNTY COMMISSION;                   )
WILLIAM LEWIS JENNINGS, an individual;        )
Defendants 2, 3, and 4, those persons, firms  )
or corporations for whose benefit the vehicle )
which collided with the  vehicle in which     )
the Plaintiff was riding and  being operated  )
on the occasion of the accident  made the     )
basis of this complaint; Defendants 5,  6,    )
and 7, those persons, firms or corporations   )
responsible for the inspection, maintenance and )
repair of the vehicle which collided with the )
vehicle in which the Plaintiff was riding on the )
occasion of the accident made the basis of this )
complaint; Defendants 8, 9,and 10, the        )
persons or institutions responsible for the   )
accident made the basis of the complaint;     )
Defendants 11, 12, and 13, the owners,        )
operators and/or employers of the operator    )
of the vehicle which collided with the vehicle )
in which the Plaintiff was riding on the      )
occasion of the accident made the basis of    )
this complaint; Defendants 14, 15, and 16,  are )
those firms or entities which provided uninsured )
motorists coverage to the Plaintiff on the    )
occasion made the basis of this complaint     )
whose true names and legal identities are     )
unknown at this time but will be added by     )
amendment when ascertained,                   )
                                              )
        Defendants.                           )

## COMPLAINT

### Count One

#### Negligence/Wantonness

1. The Plaintiff, Jeffrey Barron, is over the age of nineteen (19) and is a resident of Chambers County, Alabama.

2. The Defendant, Chambers County Commission ("Commission"), is engaged in the public safety business and is doing business in Chambers County, Alabama.

3. The Defendant, William Lewis Jennings ("Jennings"), is a resident of Chambers County, Alabama, and at all times material to this Complaint was working in Chambers County as a Sheriff's Deputy for the Defendant, Commission.

4. The Defendant, Werner Enterprises, Inc. ("Werner"), is a corporation doing business in Chambers County, Alabama.

5. The Defendant, Amhad Rashad Ranson ("Ranson"), is a resident of New Orleans, Louisiana, and at all times material to this Complaint was working for Defendant, Werner, in Chambers County, Alabama, and other venues as an over the road driver.

6. On or about July 8, 2005, the Defendant, Jennings, was driving a vehicle, VIN#: 2FAFP71W9YX173942, which by his negligent and/or wanton conduct caused the multi-vehicle accident in which the Plaintiff, Jeffrey Barron, was involved in to wit: on Interstate 85, 0.2 miles North of the Alabama-Georgia line in Harris, Troup County, Georgia. Defendant, Jennings, without giving proper notice slowed considerably to turn left onto the median and as a result of his sudden actions caused the Plaintiff's injuries.

7. The Defendant, Ranson, was driving a tractor trailer, VIN # 1FUJBBCG32LG28067, which by his negligent and/or wanton conduct was caused to collide with the vehicle the

Plaintiff, Jeffrey Barron, was occupying. The Defendant, Ranson, failed to timely apply his brakes, failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances, failed to regulate his speed under the circumstances, and failed use ordinary prudence by following too closely; and as a result of the his negligence caused the Plaintiff's injuries.

8.     As a direct and proximate consequence of the Defendants' negligence and/or wantonness, the Plaintiff suffered the following injuries and damages:

**The Plaintiff, Jeffery Barron, suffered injuries to his neck, back, and shoulder; his neck was broken; his abdomen was bruised, his chest was bruised and contused; he suffered a hernia to his abdomen; and Plaintiff suffered injuries and damages to his heart; Plaintiff was bruised and contused about the various and separate parts of his body; Plaintiff incurred and in the future will incur great sums of medical expenses and bills to heal and cure his injuries; Plaintiff was caused to suffer severe emotional distress and mental anguish; Plaintiff was unable to go about his usual duties and pursuits; he lost income and will in the future lose income; Plaintiff was permanently injured.**

WHEREFORE, the Plaintiffs demand judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

### Count Two

9.     Plaintiff realleges and incorporates paragraphs one (1) through eight (8) of the Complaint herein and further avers that:

10.    Defendants 2, 3, and 4 are those persons, firms or corporations for whose benefit the

vehicle which collided with the vehicle occupied by the Plaintiff was being operated on the occasion of the accident made the basis of this complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

### Count Three

11.     Plaintiff realleges and incorporates paragraphs one (1) through ten (10) of the Complaint herein and further avers that:

12.     Defendants 5, 6, and 7 are those persons, firms or corporations responsible for the inspection, maintenance and repair of the vehicle which collided with the vehicle occupied by the Plaintiff on the occasion of the accident made the basis of this Complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

### Count Four

13.     Plaintiff realleges and incorporates paragraphs one (1) through twelve (12) of the Complaint herein and further avers that:

14.     Defendants 8, 9, and 10 are the persons or institutions responsible for the accident made the basis of the Complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## Count Five

15.    Plaintiff realleges and incorporates paragraphs one (1) through fourteen (14) of the Complaint herein and further avers that:

16.    Defendants 11, 12, and 13 are the owners, operators and/or employers of the operator of the vehicle which collided with the vehicle in which Plaintiff was occupying on the occasion of the accident made the basis of this Complaint.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

## Count Six

17.    Plaintiff realleges and incorporates paragraphs one (1) through sixteen (16) of the Complaint herein and further avers that:

18.    Defendants 14, 15, and 16, are those firms or entities which provided uninsured motorists coverage to the Plaintiff on the occasion made the basis of this Complaint whose true names and legal identities are unknown at this time but will be added by amendment when ascertained.

WHEREFORE, the Plaintiff demands judgment of the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) to be determined by a jury in compensatory and punitive damages, plus interest and costs of court.

Plaintiff further avers that all Defendants, both fictitious and named, are guilty of the above-described causes and/or theories of recovery in a joint and several fashion and each count of the Complaint is intended to apply to each of the fictitious and named Defendants to the extent it is applicable to same.

WHEREFORE, the Plaintiff demands judgement of the Defendants in an amount in

excess of FIFTY THOUSAND DOLLARS ($50,000.00) in compensatory and punitive damages

to be determined by a struck jury, plus interest and costs of court.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel**:
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

**FILED IN OFFICE**

**JUN 1 9 2006**

**CHARLES W. STORY**
**CIRCUIT CLERK**
**CHAMBERS COUNTY, ALABAMA**

**** PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

OF COUNSEL

**Defendants' Addresses:**        **(Please serve all by certified mail)**

**Chambers County Commission**
2 South LaFayette Street
LaFayette, AL 36862

**William Lewis Jennings**
2 South LaFayette Street
LaFayette, AL 36862

**Werner Enterprises, Inc.**
c/o National Registered Agent Inc.
150 South Perry Street
Montgomery, Alabama 36104

**Ahmad Rashad Ranson**
5300 Marais Apartment D
New Orleans Parish, Louisiana 70117

7/24/06

IN THE CIRCUIT COURT OF CHAMBERS COUNTY
STATE OF ALABAMA

JEFFREY BARRON,

     Plaintiff,

v.                                                                      CIVIL ACTION
                                                                        FILE NO.:  CV-06-136
WERNER ENTERPRISES, INC., A
CORPORATION;
AMHAD RASHAD RANSON, AN
INDIVIDUAL;
CHAMBERS COUNTY COMMISSION,
AND
WILLIAM LEWIS JENNINGS ,

     Defendant.

FILED IN OFFICE THIS

JUL 2 4 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## ANSWER OF DEFENDANT WERNER ENTERPRISES, INC.

COMES NOW Werner Enterprises, Inc., a named Defendant in the above-styled civil action, and for answer, shows the Court as follows:

### FIRST DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence of Defendant William Lewis Jennings and, therefore, the Plaintiff is barred from any recovery against this Defendant whatsoever.

### SECOND DEFENSE

Amhad Ranson was confronted by a sudden emergency not caused by negligence attributable to him and, therefore, the Plaintiff is barred from any recovery against this Defendant whatsoever.

## THIRD DEFENSE

1.

This Defendant admits the allegations contained in paragraphs 2, 3, 5 and 6 of the Complaint.

2.

This Defendant denies the allegations contained in paragraphs 4, 10, 12, 14, 16 and 18 of the Complaint.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, but demands strict proof thereof.

4.

For answer to paragraph 8 of the Complaint, this Defendant admits that the negligence of Defendant William Lewis Jennings caused the accident referenced in the Complaint and any of the Plaintiff's resulting injuries, but this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the Plaintiff's specific injuries and demands strict proof thereof. This Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

5.

For answer to paragraph 9 of the Complaint, this Defendant incorporates by reference herein its responses to paragraphs 1 through 8 of the Complaint.

-2-

6.

For answer to paragraph 11 of the Complaint, this Defendant incorporates by reference herein its responses to paragraphs 1 through 10 of the Complaint.

7.

For answer to paragraph 13 of the Complaint, this Defendant incorporates by reference herein its responses to paragraphs 1 through 12 of the Complaint.

8.

For answer to paragraph 15 of the Complaint, this Defendant incorporates by reference herein its responses to paragraphs 1 through 14 of the Complaint.

9.

For answer to paragraph 17 of the Complaint, this Defendant incorporates by reference herein its responses to paragraphs 1 through 16 of the Complaint.

10.

This Defendant denies all allegations not specifically answered above.

WHEREFORE, having fully answered, this Defendant demands judgment in its favor with costs charged against the appropriate remaining party.

Thomas L. Oliver, II (OLI013)
Lea Richmond, IV (RIC062)
Attorneys for Defendants Werner Enterprises, Inc.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **ANSWER OF DEFENDANT** by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

> Timothy L. Dillard, Esq.
> Stewart S. Wilbanks, Esq.
> Dillard & Associates, L.L.C.
> The Berry Building, Suite 400
> 2015 Second Avenue North
> Birmingham, AL 35203
>
> Chambers County Commission
> 2 South LaFayette Street
> LaFayette, Alabama 36862
>
> William Lewis Jennings
> 2 South La LaFayette Street
> LaFayette, Alabama 36862

This _24th_ day of July, 2006.


OF COUNSEL

# EXHIBIT 1

ORIGINAL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| Jeffery Barron | ( | |
| Plaintiff | ) | |
| | ( | |
| v. | ) | Civil Action No. CV 2006-136 |
| | ( | |
| Werner Enterprises, Inc., et al | ) | |
| Defendants | ( | |

ORDER

Counsel for the parties appeared in open court for argument on motions filed by William Lewis Jennings and the Chambers County Commission. The essence of defendant William Lewis Jennings motion is that he is immune from suit.

Plaintiff's complaint alleges that at the time of the accident that is the basis of this action William Lewis Jennings was working as a Deputy Sheriff for Chambers County. Consequently, William Lewis Jennings is immune from suit and the complaint against him is due to be dismissed. The claims against the Chambers County Commissioner are dependent on the claims against William Lewis Jennings. Therefore this action is due to be dismissed as to the Chambers County Commission.

Counsel for William Lewis Jennings had also made a motion that any deposition of William Lewis Jennings be stayed pending a ruling on the motion to dismiss. Even though William Lewis Jennings is being dismissed as a party defendant he is still subject to deposition as a witness.

It is Therefore Ordered, Adjudged, and Decreed that the motions to dismiss filed by William Lewis Jennings and the Chambers County Commission are due to be granted and consequently William Lewis Jennings and the Chambers County Commission are dismissed as parties defendant. All other claims against all other defendants remain.

A copy of this Order shall be sent to counsel of record.

Done this the 25th day of October 2006.

_____
Circuit Judge

FILED IN OFFICE THIS

OCT 27 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | | |
|---|---|---|
| JEFFREY BARRON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: CV06-136 |
| | ) | |
| v. | ) | |
| | ) | |
| WERNER ENTERPRISES, INC., a | ) | |
| corporation, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk of Court

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Defendant.

(     )    Interrogatories to Plaintiff
( XXX )    Objections To Plaintiff's First Set Of Interrogatories And Request For The
                Production Of Documents To The Defendant, Werner Enterprises, Inc.
(     )    Request for Production to Plaintiff
(     )    Response to Request for Production
(     )    Request for Admissions
(     )    Response to Request for Admissions
(     )    Notice of Intent to Serve Subpoena
(     )    Notice of Deposition
(     )    Other:

Charles F. Carr (CAR012)
Thomas L. Oliver, II (OLI013)
Lea Richmond, IV (RIC062)
Counsel for Defendant Werner Enterprises, Inc.

**OF COUNSEL:**
**CARR ALLISON**
P.O. Box 1126
Daphne, Alabama 36526-1126
Telephone:    (251) 626-9340
Facsimile:     (251) 626-8928

100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:     (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record by placing same in U.S. mail, addressed as follows and postage prepaid, on this the _____ day of October, 2006:

Timothy L. Dillard, Esq.
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203

Claud E. McCoy, Jr., Esq.
117 North Lanier Avenue
Suite 201
Lannett, Alabama 36863

C. Richard Hill, Jr., Esq.
P. O. Box 240909
Montgomery, Alabama 36124

Grant B. Smith, Esq.
**DENNIS, CORRY, PORTER & SMITH, L.L.P.**
Piedmont Fourteen
3535 Piedmont Road
Suite 900
Atlanta, Georgia 30305-4611

_____
OF COUNSEL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

JEFFREY BARRON, an individual,       )
                                     )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )          Civil Action No: 06-136
                                     )
WERNER ENTERPRISES, INC., et al      )
                                     )
        Defendants.                  )

### PLAINTIFF JEFFREY BARRON'S BRIEF
### IN OPPOSITION TO DEFENDANT DEPUTY
### SHERIFF WILLIAM JENNINGS' MOTION TO DISMISS

COMES NOW the Plaintiff, by and through his attorney of record, and requests that this

Honorable Court deny Defendant's Motion to Dismiss, and for grounds thereof states the

following:

### Facts and Procedural History

The Plaintiff, Jeffrey Barron, filed his Complaint on June 26, 2006, naming Werner

Enterprises, Inc., Amhad Rashad Ranson, Chambers County Commission, and Chambers County

Deputy Sheriff William Lewis Jennings. The Complaint alleges that "The Defendant, William

Lewis Jennings ("Jennings"), is a resident of Chambers County, Alabama, and at all times

material to this Complaint was working in Chambers County as a Sheriff's Deputy for the

Defendant, Commission." (Plaintiff's Complaint ¶ 3). The Complaint also alleged that "On or

about July 8, 2005, the Defendant, Jennings, was driving a vehicle, VIN#:

2FAFP71W9YX173942, which by his negligent and/or wanton conduct caused the multi-vehicle

accident in which the Plaintiff, Jeffrey Barron, was involved in to wit: on Interstate 85, 0.2 miles

-1-

North of the Alabama-Georgia line in Harris, Troup County, Georgia. Defendant, Jennings, without giving proper notice slowed considerably to turn left onto the median and as a result of his sudden actions caused the Plaintiff's injuries." (Plaintiff's Complaint ¶ 6).

Plaintiff is now attempting to take the depositions of the Defendants in this matter, specifically Defendant Jennings. Defendant Jennings filed a Motion to Stay Discovery on or about October 19, 2006. Defendant argues "that, in light of the threshold question of immunity, all other pre-trial proceedings, including discovery, should be stayed pending resolution of the immunity defense." (Defendant's Motion to Stay ¶ 2).

## Argument

**While dismissal may be appropriate at a later time, currently the Motion to Dismiss is due to be denied because Plaintiff states a claim upon which relief may be granted and there are factual elements of the defense that need to be resolved in order to determine if the Defendant has immunity for his actions in an individual capacity.**

As Defendant pointed out in his Brief in Support his Motion to Dismiss, Plaintiff has alleged that Defendant, Deputy Sheriff William Lewis Jennings, was sued individually and as a Sheriff's Deputy for the Chambers County Commission. Defendant's Motion to Dismiss is not proper because there are facts that might exists that would support the Plaintiff's claim, and as Defendant stated in his Standard of Review section of his Brief, "A motion to dismiss is properly granted when no set of facts exists that would support the plaintiff's claim." Graul v. S & R Travels, Inc., 773 So. 2d1049, 1050 (Ala. Civ. App. 1999). Here, there are factual questions regarding whether Defendant Jennings was acting within his official capacity or in some individual capacity.

-2-

In *Ex parte Alabama Department of Mental Health & Mental Retardation*, the plaintiff sued the Alabama Department of Mental Health and Mental Retardation ("the department"), its commissioner Kathy Sawyer, and certain employees, alleging negligence. The defendants filed a motion to dismiss asserting that Plaintiff failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Ala. R. Civ. P., which the trial court denied. Ex parte Alabama Dept. of Mental Health and Retardation, 837 So. 2d 808, 813-814 (Ala. 2002). The defendants then petitioned for a writ of mandamus, asking this Court to direct the trial court to dismiss the action on the ground of immunity. Id.

Plaintiff conceded in her brief to the Supreme Court that any claims for money damages against the Department were due to be dismissed. Likewise, plaintiff agreed that Sawyer, in her official capacity, was entitled to a dismissal as to claims for money damages. The plaintiff was correct because Sawyer, in her official capacity as commissioner, is also entitled to absolute immunity pursuant to Art. I, § 14, Ala. Const. of 1901. Dept. of Mental Health, 837 So.2d at 811 (citing Ex parte Butts, 775 So.2d 173 (Ala.2000))

The court then turned to the propriety of the trial court's refusal to dismiss those claims against Sawyer that the court determined were brought against Sawyer in her individual capacity. While Sawyer argues vigorously that the plaintiff sued her only in her official capacity, she asserts that even if she was sued in her individual capacity, as the court determined that she had, she is entitled to a dismissal in her individual capacity on grounds of State-agent immunity. Plaintiff argues that Sawyer, in her individual capacity, is not entitled to a dismissal under Rule 12, Ala. Civ. P., on grounds of qualified immunity or State-agent immunity as that doctrine has been established by this Court in *Ex parte Butts*, and *Ex parte Cranman*, 792 So.2d 392

-3-

(Ala.2000).

Plaintiff noted that no discovery had been conducted in the case, and Plaintiff argued that the Department's petition for the writ of mandamus was premature. The court agreed that a motion to dismiss is typically not the appropriate vehicle by which to assert qualified immunity or State-agent immunity and that normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery. " '[I]t is the rare case involving the defense of [State-agent] immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), [Ala. R. Civ. P.].' " *Ex parte Butts,* 775 So.2d at 177 (quoting *Patton v. Black,* 646 So.2d 8, 10 (Ala.1994)).

In *Ex parte Butts,* the Alabama Supreme Court addressed the appropriateness of the dismissal of claims alleging negligence and wantonness against Jimmy Butts, who was then the Commissioner of the Alabama Department of Transportation. Commissioner Butts, like Sawyer, was the administrative head of a State agency, a cabinet-level position. He was sued in his official and individual capacities. The plaintiff in that case, which involved a bridge collapse in which two people were killed, made claims against Commissioner Butts alleging negligence and wantonness relating to the use of certain personnel to demolish the bridge; negligence or wantonness for failure to halt the demolition; and negligence or wantonness relating to training and supervising the personnel assigned to the bridge project. Those claims are similar to those the plaintiff made against Sawyer in her individual capacity. Justice Lyons, writing for a majority of the Court in *Butts,* in addressing the claims made against Butts in his individual capacity, stated:

-4-

"[I]f any employee failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law, then it is possible that that employee would not be entitled to State-agent immunity. As this Court stated in *Patton*, '[i]t is not for this court to determine, based on the complaint, whether the plaintiff will ultimately prevail, but only if he may possibly prevail.' Patton, 646 So.2d. at 10. It is conceivable that the families could prove facts that would show one or more of the employees failed to discharge duties pursuant to a checklist or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of the law. If so, the families 'may possibly prevail' on their claims. Therefore, the trial court properly denied the employees' motion to dismiss the claims stated against them in their individual capacities."

Butts, 775 So.2d at 178 (discussing the test promulgated in *Cranman*, 792 So.2d 392, for determining when a state employee is entitled to state-agent immunity (adopted by the Alabama Supreme Court in *Butts*, 775 So.2d at 177-78 ("We today adopt this new test suggested in *Cranman*.")))

The claims against Sawyer that the court determined were made against her in her individual capacity were fact intensive. Sawyer's Rule 12(b) motion to dismiss was premature with regard to these claims. No discovery had been conducted in this case. The court stated that after the parties have had the opportunity to conduct discovery, Sawyer will have the opportunity to seek a summary judgment on the ground that she is entitled to State-agent immunity. The trial judge did not err in denying the motion to dismiss as to the claims made against Sawyer in her individual capacity based on a defense of State-agent immunity at this stage of the proceedings. Dept. of Mental Health, 837 So.2d at 813.

In the present case, Plaintiff Barron concedes that any claims for money damages against the Defendant Chambers County Commission are due to be dismissed without prejudice. Likewise, Plaintiff agrees that Jennings, in his official capacity, is entitled to a dismissal as to

claims for money damages. But as to the claims against Jennings in an individual capacity with regards to negligence and wantonness is due to be denied, based on the Alabama Supreme Court's decisions regarding immunity for state employees with a possible defense of State-agent immunity.

Like the motion to dismiss against the commissioner in *Dept. of Mental Health,* the motion to dismiss the individual claims against Jennings in his individual capacity are premature. Jennings's Rule 12(b) motion to dismiss is premature with regard to these claims. No discovery had been conducted in this case. After the parties have had an opportunity to conduct discovery, Jennings will have the opportunity to seek a summary judgment on the ground that he is entitled to State-agent immunity.

Therefore, according the Alabama Supreme Court, Defendant's Motion to Dismiss with regards to Defendant Jennings' actions in his individual capacity is due to be denied at this time. Defendant's motion to dismiss this action in a summary judgment action is more appropriate at a later time following some discovery to determine whether State-agent immunity is an appropriate defense to Jennings' actions in his individual capacity.   The issues of immunity must be addressed at the summary judgment level after the facts have been developed, not by a Motion to Dismiss before discovery is done or facts are developed.

Furthermore, Defendant Werner Enterprises in its Answer has attempted to shift liability completely to Defendant Jennings. Defendant Werner Enterprises "First Defense" is as follows: The sole and proximate cause of the accident referenced in the Complaint was the negligence of Defendant William Lewis Jennings, and therefore, the Plaintiff is barred from any recovery against this Defendant whatsoever. (Answer of Defendant Werner Enterprises, Inc.)  If this court

-6-

were to dismiss Defendant Jennings it would have the effect of not allowing Plaintiff an

opportunity to prosecute his case. It is illogical to dismiss Defendant Jennings at this time

considering that there has not been any discovery conducted with regards to his liability and with

regards to the facts that might allow a possible immunity defense.

## Conclusion

Based on the forgoing, Plaintiff Jeffrey Barron respectfully requests this court to deny the

Defendant's Motion to Dismiss and Defendant's Motion to Stay Discovery.

Respectfully Submitted,

Timothy I. Dillard,
Attorney for Plaintiff

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by first class U.S. Mail and addressed as follows on this the _24_ day of _October_____, 2006:

Charles F. Carr, Esquire
Thomas L. Oliver, Esquire
Lea Richmond, IV, Esquire
100 Vestavia Parkway
Birmingham, Alabama 35216

Claud E. McCoy, Jr., Esquire
117 North Lanier Avenue, Suite 201
Lanett, Alabama 36863

C. Richard Hill, Jr., Esquire
Amanda Morgan, Esquire
P.O. Box 240909
Montgomery, AL 36124

Grant B. Smith, Esquire
DENNIS, CORRY, PORTER & SMITH, L.L.P.
Piedmont Fourteen
3535 Piedmont Road, Suite 900
Atlanta, Georgia 30305-4611

OF COUNSEL

-8-

LAW OFFICES
**DILLARD & ASSOCIATES, L.L.C.**
FOURTH FLOOR, BERRY BUILDING
2015 SECOND AVENUE NORTH
BIRMINGHAM, ALABAMA 35203

TIMOTHY L. DILLARD
STEWART S. WILBANKS

Phone:  (205) 251-2823
Fax:     (205) 251-3832
Email:  DillardandAssoc@aol.com

## FACSIMILE COVER SHEET

**ATTENTION:**        Charles F. Carr, Esq.
                      Thomas L. Oliver, Esq.

**NUMBER:**           (205) 822-2057

**DATE:**             October 24, 2006

**SENT FROM:**        Timothy L. Dillard

**OPERATOR:**         Trenton

**RE:**               Jeffery Barron vs Werner Enterprises

---

    You should receive ___9___ Pages including this one.  If you do not receive all pages please call (205) 251-2823.

---

**Brief Message:**

### Confidentiality Warning

The information contained in this fax is confidential and privileged and is intended only for the person named on the fax.  If you have received this information in error, please notify us immediately by phone and return the original to us by mail. Thank you.

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

JEFFREY BARRON, an individual,    )
    )
    )
    Plaintiff,    )
    )
v.    )    Civil Action No: 06-136
    )
WERNER ENTERPRISES, INC., et al    )

## MOTION FOR CONTINUANCE

COMES NOW the Plaintiff, by and through his attorney of record, and requests this

Honorable Court for a continuance of the Motion to Dismiss filed by the Defendant, Chambers

County Commission, and the Defendant, William Lewis Jennings, an individual, and for grounds

thereof states the following:

1)     The Defendants requested that the case be mediated prior to my discovery taking place.

2)     The Plaintiff agreed to said mediation and same was held on October 17, 2006. The mediation was not successful.

3)     The Plaintiff needs to depose the defendants with regard to the assertions of their motion and the facts of their participation in the accident made the basis of the case at hand.

4)     The Defendant's attorney refuses to agree to the continuance and has further advised that they object to the Defendant's deposition being taken and/or other discovery until the Court has ruled on the motion in controversy.

5)     The Defendants will not be prejudiced by a continuance of the motion and/or the giving of testimony by deposition or other discovery regarding the allegations of their motion.

6)     The Plaintiffs will be prejudiced by not being allowed the discovery depositions requested in order to defend the motion as asserted.

Respectfully Submitted,

Timothy L. Dillard,
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by first class U.S. Mail and addressed as follows on this the _19_ day of _October_, 2006:

Charles F. Carr, Esquire
Thomas L. Oliver, Esquire
Lea Richmond, IV, Esquire
100 Vestavia Parkway
Birmingham, Alabama 35216

Claud E. McCoy, Jr., Esquire
117 North Lanier Avenue, Suite 201
Lanett, Alabama 36863

C. Richard Hill, Jr., Esquire
Amanda Morgan, Esquire
P.O. Box 240909
Montgomery, AL 36124

Grant B. Smith, Esquire
DENNIS, CORRY, PORTER & SMITH, L.L.P.
Piedmont Fourteen
3535 Piedmont Road, Suite 900
Atlanta, Georgia 30305-4611

OF COUNSEL

ELECTRONICALLY FILED
10/19/2006 3:59 PM
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
CHARLES STORY, CLERK

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| JEFFERY BARRON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. : CV-2006-136 |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) |

### MOTION TO STAY DISCOVERY

COME NOW the Chambers County, Alabama Commission and Chambers County Deputy Sheriff William Jennings, Defendants in the above styled cause (hereafter, collectively, the "Defendants"), and move this Honorable Court to stay discovery in this action pending this Court's ruling on Defendants' Motions to Dismiss. As grounds therefore, Defendants set down and assign the following:

1.      On or about June 26, 2006, Plaintiff filed his Complaint. The Plaintiff is now attempting to take the depositions of the Defendants in this matter.

2.      Long-standing federal and Alabama case law holds that, in light of the threshold question of immunity, all other pre-trial proceedings, including discovery, should be stayed pending resolution of the immunity defense. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but ***unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.***" Quinlan v. Jones, No. 2030621, 2005 WL 2046361, at *1 (Ala. Civ. App. Aug. 26, 2005), quoting Siegert v. Gilley, 500 U.S. 226, 232 (1991) (emphasis added). See also, Ryan v. Hayes, 831 So. 2d 21, 31 (Ala. 2002) (quoting Mitchell v. Forsyth, 472 U.S. 511 (1985) ("Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so



**AlaFile E-Notice**

12-CV-2006-000136.00

Judge: HOWARD F. BRYAN

To: RICHMOND LEA IV
lnr@carrallison.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

**JEFFREY BARRON   -VS-  WERNER ENTERPRISES, INC. ET AL**
**12-CV-2006-000136.00**

The following matter was FILED on 10/19/2006 3:59:41 PM

**D002 JENNINGS WILLIAM L**

**D003 CHAMBERS COUNTY COMMISSION**

**MOTION TO STAY**

[Attorney: HILL CHARLES RICHARD JR]

Notice Date:     10/19/2006 3:59:41 PM

**CHARLES STORY**
**CIRCUIT COURT CLERK**
CHAMBERS COUNTY, ALABAMA
2 LAFAYETTE STREET
LAFAYETTE, AL 36862

334-864-4348
charles.story@alacourt.gov

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case No.** |
|---|---|---|
| 12-CHAMBERS | ☐ District Court  ☑ Circuit Court | CV200600013600 |

| JEFFREY BARRON  -VS-  WERNER ENTERPRISES, INC. ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:*  D003 - CHAMBERS COUNTY COMMISSION |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>CHARLES HILL<br>7475 HALCYON POINTE DRIVE<br>MONTGOMERY, AL 36117<br>*Attorney Bar No.:*  HIL045 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☑ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule _____  (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>10/19/2006 3:58:36 PM | Signature of Attorney or Party:<br>/s CHARLES HILL |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ORIGINAL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

JEFFREY BARRON, an individual,      )
                Plaintiff      )
                            )
VS.                                 )        CASE NO. CV-2006-136
                            )
WERNER ENTERPRISES, INC., a         )
Corporation, et al,                 )
                Defendants      )

## O R D E R

    All pending motions in the above-styled cause are hereby set for **Wednesday, October 25, 2006, at 9:00 A.M.**

    A copy of this order shall be sent by the Clerk to counsel of record.

    DONE this the _30_ day of August, 2006.

                                                              _____
                                                              Circuit Judge

FILED IN OFFICE THIS

AUG 3 1 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

ORIGINAL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

JEFFREY BARRON, an individual,           )
                                          )
                    Plaintiff,            )       Civil Action No.: CV06-136
                                          )
v.                                        )
                                          )
WERNER ENTERPRISES, INC., a               )
corporation, et al.,                      )
                                          )
                    Defendant.            )

---

### ORDER ON APPLICATION FOR ADMISSION PRO HAC VICE

---

Now before the Court is the application of petitioner, Grant B. Smith, to appear pro hac vice as counsel of record for Defendant, Werner Enterprises, Inc., and the Court having been presented with no objection to same, it is hereby ORDERED, ADJUDGED and DECREED that said application is hereby GRANTED and that, Grant B. Smith, is hereby PERMITTED to appear and defend this action pro hac nice.

DONE and ORDERED this the 30th day of August, 2006.

_____
Judge Howard F. Bryan

FILED IN OFFICE THIS

AUG 3 1 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE THIS

AUG 4 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

Jeffrey Barron

_____ ,

Plaintiff

CV-06-136

_____ Case No.

VS.

Werner Enterprises, Inc., a corporation;
Amhad Rashad Ranson, an individual;
Chambers County Commission; and
William Lewis Jennings

_____ ,

Defendant

Circuit Court of Chambers County

(Court or Administrative Agency)

# VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now _____Grant B. Smith_____ , applicant

herein, and respectfully represents the following:

1. Applicant resides at _3392 Rilman Road_____ ,

Street Address

_Atlanta_____ , _Fulton_____ , _Georgia_____ ,

City                County                State

_30327_____ , _(404) 217-6734____ , _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_____ ,

Zip Code            Telephone            Social Security Number

2. Applicant is an attorney and a member of the law firm of (or practices law

under the name of) _Dennis, Corry, Porter & Smith, L.L.P._____ , with

offices at _3535 Piedmont Rd., 14 Piedmont Ctr., Ste.900, Atlanta_____ ,

Street Address                           City

_Fulton_____ , _Georgia_____ _30305_ , _(404) 365-0102____ ,

County            State            Zip Code    Telephone

3.  Applicant has been retained personally or as a member of the above named law firm by  Werner Enterprises, Inc.  to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since  November 19  of 19XXX 87 , applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of  Georgia  , where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
| --- | --- |
| Supreme Court of Georgia | 11/19/1987 |
| Eleventh Circuit Court of Appeals | 02/09/1988 |
| United States District Court, N.D. of Georgia | 08/31/1987 |
| United States District Court, M.D. of Georgia | 02/19/1992 |
| United States District Court, S.D. of Georgia | 01/17/2006 |
| Georgia Court of Appeals | 11/19/1987 |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)

Not applicable.

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

Not applicable.

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

Not applicable.

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

Not applicable.

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

Not applicable.

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):

Not applicable.

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| Not applicable. | | | | |

(If necessary, please attach statement of additional applications.)

13. Local counsel of record associated with applicant in this matter is

___Thomas L. Oliver, II_____ ,

who has offices at _Carr Allison, P.C., 100 Westavia Parkway, Suite 200_____ ,

___Birmingham_____ , _____Jefferson_____ ,Alabama,

City                                               County

___36601_____ , __(205) 949-2942_____ ,

Zip Code                                    Telephone

14.  The following lists accurately state the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| Jeffrey Barron | |
| Werner Enterprises, Inc. | P. O. Box 45308, Omaha, NE 68145 |
| Amhad Rashad Ranson | 9009 N. Plaza Dr., #119, Austin, TX 78753 |
| Chambers County Commission | 2 So. LaFayette St., LaFayette, AL 36862 |
| William Lewis Jennings | 2 So. LaFayette St., LaFayette, AL 36862 |

| Name of Counsel | Party Represented | Mailing Address |
|---|---|---|
| Timothy L. Dillard | Plaintiff Barron | The Berry Bldg., Suite 400 2015 Second Avenue North Birmingham, AL 35203 |
| Thomas L. Oliver, II | Defendants Werner & Ranson | Carr Allison, P.C., 100 Vestavia Pkwy., Suite 200 Birmingham, AL 35216 |
| | | |
| | | |
| | | |

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _____25th_____ of ___July___ _____, 20 06 .

_____
APPLICANT

STATE OF __Georgia_____ )

COUNTY OF __Fulton_____ )


I, ___Grant B. Smith_____,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT/AFFIANT

Subscribed and Sworn to before me this

____25th_____ day of ____July_____, 20 06 .

**Notary Public, Paulding County, Georgia**
**My Commission Expires March 19, 2007**

_____
NOTARY PUBLIC

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this __31 st__ day of __July__ _____, 20 06 .

_____
LOCAL COUNSEL OF RECORD



LEAH WARD SEARS, CHIEF JUSTICE
CAROL W. HUNSTEIN, PRESIDING JUSTICE
ROBERT BENHAM
GEORGE H. CARLEY
HUGH P. THOMPSON
P. HARRIS HINES
HAROLD D. MELTON
    JUSTICES

## Supreme Court
## State of Georgia
STATE JUDICIAL BUILDING
### Atlanta 30334

SHERIE M. WELCH, CLERK
JEAN RUSKELL, REPORTER

July 19, 2006

I hereby certify that Grant B. Smith, Esq., was admitted on the 19th day of November, 1987, as a member of the bar of the Supreme Court of Georgia, the highest court of this State; and, since that date he has been and is now a member of this bar in good standing, as appears from the records and files in this office.

Witness my signature and the seal of this Court hereto affixed the day and year first above written.

Deputy Clerk, Supreme Court of Georgia

## NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency in the style hereof on the ___30ᵗʰ___ day of ___August___ ,20 _06_ .

_(signature)_
APPLICANT/AFFIANT

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar by mail addressed to: Alabama State Bar, Attn: PHV Admissions, P.O. Box 671, Montgomery, Alabama 36101, accompanied by payment of the $100 filing fee to the Alabama State Bar on this the ___31ˢᵗ___ day of ___July___ , 20 _06_ .

_(signature)_
APPLICANT/AFFIANT

(Form approved by Alabama State Bar
and Alabama Supreme Court to be
effective January 1,1994.)

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

FILED IN

| | |
|---|---|
| JEFFERY BARRON, | ) |
| Plaintiff, | ) JUL 2 5 2006 ) |
| | ) |
| v. | ) CHARLES A. ) CIVIL ACTION NO. : CV-2006-136 |
| | ) |
| WERNER ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) |

## DEPUTY SHERIFF WILLIAM JENNINGS' MOTION TO DISMISS

COMES NOW Chambers County, Deputy Sheriff William Jennings, Defendant in the above-styled cause, and moves this honorable Court to dismiss the Plaintiff's Complaint against him pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure, as the Plaintiff's Complaint, and its component parts, separately and severally fails to state a claim against this Defendant upon which relief may be granted.

As grounds for his Motion, this Defendant asserts that he is entitled to absolute immunity on Plaintiff's claims. Accordingly, the Plaintiff's claims against him are due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant William Jennings moves this Court to dismiss this action against him and requests this Court grant unto him his costs in defending this matter.

Respectfully submitted this 24th day of July, 2006.

C. RICHARD HILL, JR.                (HIL045)

ATTORNEY FOR DEFENDANT WILLIAM JENNINGS

OF COUNSEL:
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889

OF COUNSEL:

Claud E. "Skip" McCoy, Esq.
117 North Lanier Avenue
Lanett, AL 36863

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by placing a copy of the same in the United States Mail, postage prepaid, upon:

Timothy L. Dillard
Dillard & Associates, LLC
The Berry Building, Suite 400
2015 Second Avenue
Birmingham, AL 35203

by placing a copy of same in the U. S. Mail, postage prepaid, this 24th day of July, 2006.



OF COUNSEL

2

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

FILED IN

JEFFERY BARRON,

    Plaintiff,

             JUL 2 5 2006

v.                      CHARLES WILSON CIVIL ACTION NO. : CV-2006-136

                       CIRCUIT CLERK

WERNER ENTERPRISES, INC.,    CHAMBERS COUNTY AL

    Defendant.

## MEMORANDUM BRIEF IN SUPPORT OF
## DEFENDANT WILLIAM JENNINGS' MOTION TO DISMISS

    COMES NOW Chambers County Deputy Sheriff William Jennings, a Defendant in the above-styled action, and submits this Memorandum Brief in support of his contemporaneously filed Motion to Dismiss.

### INTRODUCTION

    The Plaintiff, Jeffery Barron, filed his Complaint on July 26, 2006, naming as a Defendant Chambers County Deputy Sheriff William Jennings, individually and as a Sheriff's Deputy for the Chambers County Commission. The Complaint alleges that on July 8, 2005, Deputy Jennings while "working in Chamber's County as a Sheriff's Deputy" negligently or wantonly caused a multiple-vehicle accident in which the Plaintiff, Jeffery Barron, was involved. (Plaintiff's Complaint ¶¶ 3 and 6).

### STANDARD OF REVIEW

    A motion to dismiss should be granted "when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could [not] prove any set of circumstances that would entitle [the pleader] to relief." Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). As indicated by Rule 8, Ala. R. Civ. P., one of the critical functions of a

complaint is to put the defendant on notice of the claim(s) against him. Radenhausen v. Doss, 819 So. 2d 616, 620 (Ala. 2001) quoting Bethel v. Thorn, 757 So. 2d 1154, 1158 (Ala. 1999), citing Phillips Colleges of Alabama, Inc. v. Lester, 622 So. 2d 308, 311 (Ala. 1993); Rutley v. Country Skillet Poultry Company, 549 So. 2d 82, 84-85 (Ala. 1989) quoting Archie v. Enterprise Hosp. & Nursing Home, 508 So. 2d 693, 696 (Ala. 1987). In order to satisfy the requirements of Rule 8, Ala. R. Civ. P., "the claim for relief must give the opposing party fair notice of the pleader's claim and the grounds upon which that claim rests." Christy v. Smith Mountain, Inc., 855 So. 2d 1103, 1106 (Ala. Civ. App. 2003) citing Mitchell v. Mitchell, 506 So. 2d 1009 (Ala. Civ. App. 1987).

"A motion to dismiss is properly granted when no set of facts exists that would support the plaintiff's claim." Graul v. S & R Travels, Inc., 773 So. 2d 1049, 1050 (Ala. Civ. App. 1999) citing Feore v. Feore, 627 So. 2d 411 (Ala. Civ. App. 1993). "A dismissal under Rule 12(b)(6) is appropriate where the allegations of the complaint, even if proven, would not support a claim entitling the pleader to relief." Blackwood v. Davis, 613 So. 2d 886, 887 (Ala. 1993). "Dismissal, then, is warranted only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim." Lavoie v. Aetna Life & Casualty Co., Inc., 374 So. 2d 310, 311 (Ala. 1979) citing 5 Wright & Miller, Federal Practice & Procedure § 1357 (1969). The courts have no responsibility to "create a claim which the plaintiff has not spelled out in the pleadings." McCullough v. Alabama By-Products Corp., 343 So. 2d 508, 510 (Ala. 1977) citing Case v. State Farm Mut. Auto. Ins. Co., 294 F.2d 676 (5th Cir. 1961).

Deputy Jennings is entitled to a dismissal or judgment in his favor on all of the Plaintiff's claims. First, Deputy Jennings is entitled to absolute immunity.

## DEPUTY JENNINGS IS ENTITLED TO ABSOLUTE IMMUNITY FROM EACH OF THE PLAINTIFF'S CLAIMS.

Under Alabama law, Defendant Sheriff's Deputy Jennings is entitled to absolute immunity from the Plaintiff's claims. Each county sheriff is an executive officer of the State. See Article V, § 112 of the Alabama Constitution. Deputy sheriffs are legally extensions of the sheriff and are likewise considered officers of the State of Alabama. See Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991) (holding that a deputy is legally an extension of the sheriff); see also McMillian v. Monroe County, Ala., 520 U.S. 781 (1997) (recognizing that an Alabama sheriff represents the State of Alabama when executing law enforcement duties).

As executive branch, constitutional officers of the State, Defendant Jennings is immune from suit under Article I, § 14 of the Alabama Constitution of 1901. This section immunizes Deputy Sheriff Jennings from all state law claims, including constitutional claims, in his official and individual capacity. Ex parte Davis, __ So. 2d __, 2005 WL 3082778 (Ala. 2005) (granting petition for writ of mandamus directing trial court to dismiss complaint against deputy sheriff in his individual capacity); Parker v. Amerson, 519 So. 2d 442, 445 (1987) (holding the sheriff immune from suit although sued "individually, and as Sheriff"); Ex parte Haralson, 871 So. 2d 802, 806-807 (Ala. 2003) (granting state immunity to deputy); Ex parte Purvis, 689 So. 2d 794, 795-796 (granting petition for writ of mandamus directing the trial court to dismiss complaint against sheriff and deputy sheriff based on sovereign immunity where it was undisputed that they were working in the line and scope of their employment"); King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993) (affirming summary judgment based on immunity, in both official and individual capacities); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991) (equating immunity of sheriff with that of governor and granting complete coverage of immunity to sheriff who was sued "individually and in his capacity as sheriff").

3

The Alabama Supreme Court has consistently held that deputy sheriffs are entitled to this absolute immunity in the context of automobile accidents which occurred while the deputy was "on duty" at the time of the accident. See Ex parte Blankenship, 893 So. 2d 303, 305 (Ala. 2004) (holding absolute immunity barred claims against the deputy sheriff where it was "*alleged* in the complaint . . . that [the deputy sheriff] was acting in the line and scope of his duties at the time of the accident." (emphasis in original)) Ex parte McWhorter, 880 So. 2d 1116, 1117 (holding deputy sheriff entitled to absolute immunity from Plaintiffs' claims arising from automobile collision where it was conceded that the deputy was "within the line and scope of his employment as a sheriff's deputy"); Drain v. Odom, 631 So. 2d 971, 971-972 (Ala. 1994) (holding deputy sheriff entitled to sovereign immunity where it was undisputed that he was acting within the line and scope of his duties as a deputy sheriff); Ex parte Haralson, 871 So. 2d 805-806 (holding deputy entitled to immunity from claim arising from automobile accident which occurred while he was within the line and scope of his duties as a deputy sheriff).

It is clear from the face of the Complaint that the Defendant is sued for actions taken in the line and scope of his duties as a State officer. In fact, it has been specifically alleged in the Complaint that the Defendant, Jennings, was at "all times material to this complaint working in Chambers County as a Sheriff's Deputy." Thus, the Plaintiff alleges that Defendant was working in his official capacity as a Sheriff's Deputy at the time of the accident. Therefore, there being no question of fact, these Defendants are entitled to absolute immunity as a matter of law. See, e.g. id. & Ex parte City of Tuskegee, __ So. 2d __, 2005 WL 3557403 (Ala. 2005). Accordingly, all claims against these Defendants are due to be dismissed.

4

## CONCLUSION

Based upon the foregoing, Chambers County Deputy Sheriff William Jennings requests that this honorable Court issue an Order dismissing him from this action.

Respectfully submitted, this 24th day of July, 2006.

_C. Richard Hill, J._

C. RICHARD HILL, JR.                    (HIL045)

ATTORNEY FOR DEFENDANT WILLIAM JENNINGS

OF COUNSEL:
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889

OF COUNSEL:

Claud E. "Skip" McCoy, Esq.
117 North Lanier Avenue
Lanett, AL 36863

5

## CERTIFICATE OF SERVICE

      I certify that I have served the foregoing document by placing a copy of the same in the United States Mail, postage prepaid, upon:

Timothy L. Dillard
Dillard & Associates, LLC
The Berry Building, Suite 400
2015 Second Avenue
Birmingham, AL 35203

by placing a copy of same in the U. S. Mail, postage prepaid, this 24th day of July, 2006.


OF COUNSEL

IN THE ~~CIRCUIT COURT OF~~ CHAMBERS COUNTY, ALABAMA

FILED IN OFFICE

JEFFERY BARRON,

    Plaintiff,

                  JUL 2 5 2006

v.                CHARLES W. STORY CIVIL ACTION NO. : CV-2006-136
                   CIRCUIT CLERK

WERNER ENTERPRISES, INC., CHAMBERS COUNTY, ALA.

    Defendant.

**MOTION TO DISMISS OF DEFENDANT CHAMBERS COUNTY COMMISSION**

    COMES NOW the Chambers County, Alabama Commission, a Defendant in the above-styled cause, and moves this Honorable Court to dismiss the Plaintiffs' Complaint against it pursuant to Rule 12(b)(6) of the Alabama Rules of Civil Procedure, as the Plaintiffs' Complaint, and its component parts, separately and severally fails to state a claim against this Defendant upon which relief may be granted. As grounds for its Motion, this Defendant sets down and assigns the following:

    1.    To the extent that the Plaintiff claims that the Chambers County, Alabama Commission is liable on a *respondeat superior* theory, those claims must fail because Deputy Sheriffs are *state* not county employees.

    2.    The Plaintiff's Complaint is due to be dismissed as to the Chambers County, Alabama Commission because wantonness is not a viable cause of action against a governmental entity.

    WHEREFORE, PREMISES CONSIDERED, Defendant Chambers County, Alabama Commission requests this Court dismiss the Plaintiff's Complaint against it.

Respectfully submitted this 24th day of July, 2006.

C. RICHARD HILL, JR.                    (HIL.045)
ATTORNEY FOR DEFENDANT CHAMBERS COUNTY
COMMISSION

OF COUNSEL:
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889

OF COUNSEL:

Claud E. "Skip" McCoy, Esq.
117 North Lanier Avenue
Lanett, AL 36863

### CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by placing a copy of the same in the United States Mail, postage prepaid, upon:

Timothy L. Dillard
Dillard & Associates, LLC
The Berry Building, Suite 400
2015 Second Avenue
Birmingham, AL 35203

by placing a copy of same in the U. S. Mail, postage prepaid, this 24th day of July, 2006.

OF COUNSEL

2

7/25/06

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA



JEFFERY BARRON,     )
           )
 Plaintiff,     )
           )
v.          ) CIVIL ACTION NO. : CV-2006-136
           )
WERNER ENTERPRISES, INC. )
           )
 Defendant.     )

## BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT CHAMBERS COUNTY COMMISSION

  COMES NOW the Chambers County, Alabama Commission, a Defendant in the above-styled cause, and submits its Brief in support of its Motion to Dismiss, filed simultaneously herewith.

### INTRODUCTION

  The Plaintiff, Jeffery Barron, filed his Complaint on July 26, 2006, naming among the Defendants: Chambers County Deputy Sheriff William Jennings, individually and as a Sheriff's Deputy for the Chambers County Commission and the Chambers County Commission. The Complaint alleges that on July 8, 2005, Deputy Jennings while "working in Chamber's County as a Sheriff's Deputy" negligently or wantonly caused a multiple-vehicle accident in which the Plaintiff, Jeffery Barron, was involved. (Plaintiff's Complaint ¶ 3 and 6).

### STANDARD OF REVIEW

  A motion to dismiss should be granted "when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could [not] prove any set of circumstances that would entitle [the pleader] to relief." Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). As indicated by Rule 8, Ala. R. Civ. P., one of the critical functions of a

complaint is to put the defendant on notice of the claim(s) against him. Radenhausen v. Doss, 819 So. 2d 616, 620 (Ala. 2001) quoting Bethel v. Thorn, 757 So. 2d 1154, 1158 (Ala. 1999), citing Phillips Colleges of Alabama, Inc. v. Lester, 622 So. 2d 308, 311 (Ala. 1993); Rutley v. Country Skillet Poultry Company, 549 So. 2d 82, 84-85 (Ala. 1989) quoting Archie v. Enterprise Hosp. & Nursing Home, 508 So. 2d 693, 696 (Ala. 1987). In order to satisfy the requirements of Rule 8, Ala. R. Civ. P., "the claim for relief must give the opposing party fair notice of the pleader's claim and the grounds upon which that claim rests." Christy v. Smith Mountain, Inc., 855 So. 2d 1103, 1106 (Ala. Civ. App. 2003) citing Mitchell v. Mitchell, 506 So. 2d 1009 (Ala. Civ. App. 1987).

"A motion to dismiss is properly granted when no set of facts exists that would support the plaintiff's claim." Graul v. S & R Travels, Inc., 773 So. 2d 1049, 1050 (Ala. Civ. App. 1999) citing Feore v. Feore, 627 So. 2d 411 (Ala. Civ. App. 1993). "A dismissal under Rule 12(b)(6) is appropriate where the allegations of the complaint, even if proven, would not support a claim entitling the pleader to relief." Blackwood v. Davis, 613 So. 2d 886, 887 (Ala. 1993). "Dismissal, then, is warranted only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim." Lavoie v. Aetna Life & Casualty Co., Inc., 374 So. 2d 310, 311 (Ala. 1979) citing 5 Wright & Miller, Federal Practice & Procedure § 1357 (1969). The courts have no responsibility to "create a claim which the plaintiff has not spelled out in the pleadings." McCullough v. Alabama By-Products Corp., 343 So. 2d 508, 510 (Ala. 1977) citing Case v. State Farm Mut. Auto. Ins. Co., 294 F.2d 676 (5th Cir. 1961).

I.   **TO THE EXTENT THAT THE PLAINTIFF'S CLAIM THAT THE CHAMBERS COUNTY, ALABAMA COMMISSION IS LIABLE ON A *RESPONDEAT SUPERIOR* THEORY, THOSE CLAIMS MUST FAIL BECAUSE DEPUTY SHERIFFS ARE *STATE* NOT COUNTY EMPLOYEES.**

All actions complained of by the Plaintiff are for activities undertaken by an employee of

2

the Sheriff of Chambers County, Alabama.   Under Alabama law, the Chambers County

Commission may not be held liable under a theory of *respondeat superior* for the actions of the

Sheriff or his Deputies.   See McMillian v. Monroe County, Ala., 520 U.S. 781, 789 and 793

(1997) ("Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's

official acts that are tortuous . . . Alabama sheriffs, when executing their law enforcement duties,

represent the State of Alabama, not their counties."); King v. Colbert County, 620 So. 2d 623,

625 (Ala. 1993) ("The sheriff of Colbert County is a constitutionally established executive

officer of the State of Alabama (Ala. Const.1901, Art. V, § 112, § 138) and is not considered an

employee of the county for the purposes of imposing liability upon the county."); Hereford v.

Jefferson County, 586 So. 2d 209, 210 (Ala. 1991) (holding that a sheriff is a state, not county,

employee); Stark v. Madison County, 678 So. 2d 787, 788 (Ala. Civ. App. 1996) (finding that an

Alabama county has no responsibility for actions of sheriff); Parker v. Amerson, 519 So. 2d. 442,

442 (1987) ("A sheriff is not an employee of a county for purposes of imposing liability on the

county under a theory of respondeat superior."); Carr v. City of Florence, Ala., 916 F.2d 1521,

1526 (11th Cir. 1990) (holding that a deputy sheriff is the alter ego of the sheriff).

Because Deputy Sheriff William Jennings is a state, not county, employee, any allegation

that the Chambers County Commission is vicariously liable for his actions fails to state a claim.

**III.     COUNT I OF THE PLAINTIFF'S COMPLAINT IS ALSO DUE TO BE DISMISSED AS TO THE CHAMBERS COUNTY, ALABAMA COMMISSION BECAUSE WANTONNESS IS NOT A VIABLE CAUSE OF ACTION AGAINST A GOVERNMENTAL ENTITY.**

Plaintiff's claims for wantonness against the Chambers County, Alabama Commission

should be dismissed in that wantonness is not a viable cause of action against a governmental entity.

See, e.g., Hillard v. The City of Huntsville, 585 So. 2d 889, 892 (Ala. 1991). Accordingly, Count I

of the Plaintiff's Complaint is due to be dismissed as to the Chambers County, Alabama

3

Commission.

## CONCLUSION

Based on the foregoing, Defendant Chambers County, Alabama Commission requests this Court dismiss the Plaintiffs' Complaint against it.

Respectfully submitted, this 24th day of July, 2006.


_____

C. RICHARD HILL, JR.                    (HIL045)

ATTORNEY FOR DEFENDANT CHAMBERS COUNTY COMMISSION


OF COUNSEL:
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone: (334) 262-1850
Fax: (334) 262-1889

OF COUNSEL:

Claud E. "Skip" McCoy, Esq.
117 North Lanier Avenue
Lanett, AL 36863

## CERTIFICATE OF SERVICE

I certify that I have served the foregoing document by placing a copy of the same in the United States Mail, postage prepaid, upon:

Timothy L. Dillard
Dillard & Associates, LLC
The Berry Building, Suite 400
2015 Second Avenue
Birmingham, AL 35203

by placing a copy of same in the U. S. Mail, postage prepaid, this 24th day of July, 2006.

_____
OF COUNSEL

## NATIONAL REGISTERED AGENTS, INC.
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:   CHUCK STEVENS
      WERNER ENTERPRISES, INC.
      14507 FRONTIER RD.
      OMAHA, NE 68138-

SOP Transmittal #    AL12729

Telephone   (800) 767-1553

Fax   (609) 716-0880

Defendant:   WERNER ENTERPRISES, INC.

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of ALABAMA on this 22nd day of June, 2006. The following is a summary of the document(s) received:

1)   **Title of Action:**   Jeffrey Barron v. Werner Enterprises, Inc., et al.

2)   **Document(s) served:**

| | | |
|---|---|---|
| X  Summons | ___  Subpoena | ___  Injunction |
| X  Complaint | ___  Third Party Complaint | ___  Notice of: _____ |
| ___  Petition | ___  Demand for Jury Trial | ___  Mechanics Lien |
| ___  Garnishment | ___  Default Judgement | ___  Other: |

3)   **Court of Jurisdiction/**
     **Case & Docket Number:**   Circuit Court of Chambers County, Alabama
                                 CV06-136

4)   **Amount claimed, if any:**   $50000.00 +

5)   **Method of Service:**

| | | |
|---|---|---|
| ___  Personally Served By: | ___  Process Server | ___  Deputy Sheriff | ___  U.S. Marshall |
| X  Delivered Via: | ___  Certified Mail | X  Regular Mail | ___  Facsimile |
| ___  Other: | | | |

6)   **Date and Time of Service:**   6/22/2006 5:28:24 PM

7)   **Appearance/Answer Date:**   30 Days

8)   **Plaintiff's Attorney:**   Timothy L. Dillard
                                 Dillard & Associates, L.L.C.
                                 The Berry Building, Suite 400
                                 2015 Second Avenue North
                                 Birmingham, AL  35203
                                 205.251.2823

9)   **Federal Express Airbill #**   790475661208

10)  **Call Made To:**  Not required

11)  **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**   **Copies To:**

Transmitted by: Cecelia Russell

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for the informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take the appropriate action.

**ORIGINAL**

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  CHUCK STEVENS
     WERNER ENTERPRISES, INC.
     14507 FRONTIER RD.
     OMAHA, NE 68138-

SOP Transmittal #    AL12729

Telephone   (800) 767-1553
Fax         (608) 716-0820

Defendant:   WERNER ENTERPRISES, INC.

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of ALABAMA on this 22nd day of June, 2006. The following is a summary of the document(s) received:

1)   **Title of Action:**    Jeffrey Barron v. Werner Enterprises, Inc., et al.

2)   **Document(s) served:**

| | | | | |
|---|---|---|---|---|
| X | Summons | ___ Subpoena | ___ | Injunction |
| X | Complaint | ___ Third Party Complaint | ___ | Notice of: _____ |
| ___ | Petition | ___ Demand for Jury Trial | ___ | Mechanics Lien |
| ___ | Garnishment | ___ Default Judgement | ___ | Other: |

3)   **Court of Jurisdiction/**     Circuit Court of Chambers County, Alabama
     **Case & Docket Number:**      CV06-136

4)   **Amount claimed, if any:**    $50000.00 +

5)   **Method of Service:**

| | | | |
|---|---|---|---|
| ___ Personally Served By: | ___ Process Server | ___ Deputy Sheriff | ___ U.S. Marshall |
| X Delivered Via: | ___ Certified Mail | X Regular Mail | ___ Facsimile |
| ___ Other: | | | |

6)   **Date and Time of Service:**    6/22/2006 5:28:24 PM

7)   **Appearance/Answer Date:**    30 Days

8)   **Plaintiff's Attorney:**   Timothy L. Dillard
                                 Dillard & Associates, L.L.C.
                                 The Berry Building, Suite 400
                                 2015 Second Avenue North
                                 Birmingham, AL 35203
                                 205.251.2823

9)   **Federal Express Airbill #**   790475661200

10)  **Call Made To:**  Not required

11)  **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**                    **Copies To:**

Transmitted by: Cecelia Russell                    Received By:

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for the informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take the appropriate action.

**ACKNOWLEDGEMENT COPY**

| State of Alabama<br>Unified Judicial System | **SUMMONS**<br>**-CIVIL-** | Case Number<br>CV 06- |
|---|---|---|

### IN THE CIRCUIT COURT OF CHAMBERS COUNTY

Plaintiff:     **Jeffrey Barron**     Defendant:    **Werner Enterprises, Inc., et al.**

NOTICE TO:     **Werner Enterprises, Inc.**
c/o National Registered Agent Inc.
150 South Perry Street
Montgomery, Alabama 36104

**(Please serve by certified mail)**

THE COMPLAINT, AMENDED COMPLAINT, INTERROGATORIES AND REQUEST FOR PRODUCTION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C.,** WHOSE ADDRESS IS **2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30 DAYS** AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

Date:   **06-20-06**      _Charlie W. Story_    By: _____
                                               Clerk/Register

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____
on _____ in _____ County, Alabama
                   Date

Date _____

Server's Signature _____

Address of Server _____

Type of Process Server _____