IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JEFFREY BARRON, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:06cv983-MHT(WO) |
| ) | |
| v. ) | |
| ) | |
| WERNER ENTERPRISES, INC., a ) | |
| corporation, et al., ) | |
| ) | |
| Defendant. ) | |

**WERNER ENTERPRISES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY THE VOLUNTARY-INVOLUNTARY RULE IS INAPPLICABLE**

COMES NOW the Defendant, **Werner Enterprises, Inc.**, and in response to the Court's Opinion and Order, dated November 3, 2006, shows unto the Court why the "voluntary-involuntary" rule is not applicable to this case. In support thereof, the Defendant says as follows:

1. The accident made the basis of this litigation occurred on July 8, 2005 in the northbound lanes of Interstate 85 on the Georgia side of the Alabama/Georgia state line.

2. The accident sequence involved multiple vehicles, including a tractor-trailer operated by Amhad Rashad Ranson and a patrol car operated by Deputy William Lewis Jennings.

3. The Plaintiff filed this action in the Circuit Court of Chambers County, Alabama, on or about June 19, 2006, as Civil Action No.: 06-136. The Complaint named the following Defendants: (1) Werner Enterprises, Inc., (2) Amhad Rashad Ranson, (3) the Chambers County Commission, and (4) William Lewis Jennings.

4. Werner Enterprises, Inc., filed an Answer on July 24, 2006 denying the allegations contained in the Plaintiff's Complaint.

5. The Chambers County Commission and William Lewis Jennings filed Motions to Dismiss and supporting briefs on July 25, 2006, citing absolute immunity as a defense.

6. The Circuit Court of Chambers County, Alabama entered an Order granting the Chambers County Commission's and William Lewis Jennings' respective Motions to Dismiss on October 25, 2006.

7. Werner Enterprises, Inc., removed this case to the Middle District of Alabama on October 31, 2006 based on diversity of citizenship jurisdiction.

8. Although the Plaintiff opposed the state court's dismissal of the Chambers County Commission and William Lewis Jennings, the "voluntary-involuntary" rule does not apply to the removal of this action because the state court dismissed those parties on jurisdictional grounds, not on the merits of the claims against them. See Insinga v. LaBella, 845 F.2d 249 (11th Cir. 1988).

9. In Insinga, the plaintiff filed a wrongful death action in the Eleventh Judicial Circuit of Florida against (1) Dr. LaBella, (2) the Board of Medical Examiners for the State of Florida, (3) the Department of Professional Regulation of the State of Florida, and (4) Humana, the hospital in which the plaintiff's wife died. Id. at 250. Because the Board of Medical Examiners and the Department of Professional Regulation were non-diverse defendants, diversity of citizenship jurisdiction did not exist at the case's outset. Id. Eventually, the Plaintiff voluntarily dismissed the Department of Professional Regulation, but opposed the Board of Medical Examiners' motion for summary judgment. The state court granted the Board's motion for summary judgment on sovereign immunity grounds. Id. Thereafter, Humana, being the only remaining diverse defendant, removed the action to federal court. The plaintiff filed a motion to remand arguing that the dismissal of the Board had not been a "voluntary" act but, instead, an involuntary dismissal, thereby requiring remand. The district court denied the motion to remand. Id. On review, the United

States Court of Appeals for the Eleventh Circuit examined whether the "voluntary-involuntary" rule applied to the case so as to require remand to state court. After careful review, the Eleventh Circuit held that the case was properly removed from state court because the involuntary dismissal of the resident defendant (Board of Medical Examiners) was not on the merits, but on jurisdictional grounds. Insinga, 845 F.2d at 254. Specifically, the Eleventh Circuit noted that the state court's dismissal of the Board of Medical Examiners was based on sovereign immunity which, under Florida law, "is a defense that relates solely to the jurisdiction of the court, not the merits of the case." Id. The Eleventh Circuit further noted that, "[f]or all intents and purposes, a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly before the court." Id.

10. Here, just as in Insinga, the state court dismissed the resident defendants, those being the Chambers County Commission and William Lewis Jennings, on immunity grounds. The Chambers County Circuit Court's Order states, in pertinent part, as follows:

> Plaintiff's complaint alleges that at the time of the accident that is the basis of this action William Lewis Jennings was working as a Deputy Sheriff for Chamber County. Consequently, William Lewis Jennings is immune from suit and the complaint against him is due to be dismissed. The claims against the Chambers County Commission are dependent upon the claims against William Lewis Jennings. Therefore this action is due to be dismissed as to the Chambers County Commission.

Order, dated October 25, 2006.

Furthermore, the Supreme Court of Alabama has stated that, "[w]hen an action is one against the State or a State agency, § 14 wholly removes subject-matter jurisdiction from the courts. Ex parte Town of Lowndesboro, 2006 Ala. LEXIS 106, *6 (May 12, 2006). Thus, as to the Plaintiff's claims against the Chambers County Commission and William Lewis Jennings, the Circuit Court of Chambers County never had subject matter jurisdiction over those claims. This is the exact

situation that the Eleventh Circuit contemplated in <u>Insinga</u>, i.e., that the voluntary-involuntary rule does not apply when the dismissal of the resident defendant(s) occurred on jurisdictional grounds rather than the merits of the case. Based upon the authority of <u>Insinga</u>, Werner Enterprises, Inc., properly removed this case to the Middle District of Alabama, and the case should not be remanded because the voluntary-involuntary rule is inapplicable.

WHEREFORE, PREMISES CONSIDERED, the Defendant avers that this Honorable Court has diversity of citizenship jurisdiction over this case because the voluntary-involuntary rule, as explained in <u>Insinga v. LaBella</u>, 845 F.2d 249 (11th Cir. 1988), does not apply.

        s/ Lea Richmond
        Charles F. Carr (CAR012)
        Thomas L. Oliver, II (OLI013)
        Lea Richmond, IV (RIC062)
        Counsel for Defendant Werner Enterprises, Inc., and Amhad Rashad Ranson

**OF COUNSEL:**
**CARR ALLISON**
P.O. Box 1126
Daphne, Alabama 36526-1126
Telephone:   (251) 626-9340
Facsimile:    (251) 626-8928

100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:    (205) 822-2057

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 7, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Timothy L. Dillard, Esq.
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203

Grant B. Smith, Esq.
**DENNIS, CORRY, PORTER & SMITH, L.L.P.**
Piedmont Fourteen
3535 Piedmont Road
Suite 900
Atlanta, Georgia 30305-4611

             s/ Lea Richmond, IV
             OF COUNSEL