IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| JEFFREY BARRON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WERNER ENTERPRISES, INC., )<br>and AMHAD RASHAD RANSON, )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>3:06 cv 983-MHT |

### PLAINTIFF JEFFREY BARRON'S RESPONSE TO SHOW CAUSE WHY THE VOLUNTARY-INVOLUNTARY RULE IS APPLICABLE

COMES NOW the Plaintiff, by and through his attorney of record, and in response to the Court's Opinion and Order that this, dated November 3, 2006, shows that the voluntary-involuntary rule is applicable in this case, and for grounds thereof states the following:

### Facts and Procedural History

1. The Plaintiff, Jeffrey Barron, in the Circuit Court of Chambers County, Alabama filed his Complaint on June 26, 2006, naming Werner Enterprises, Inc., Amhad Rashad Ranson, Chambers County Commission, and Chambers County Deputy Sheriff William Lewis Jennings.

2. The Complaint alleged that "The Defendant, William Lewis Jennings ("Jennings"), is a resident of Chambers County, Alabama, and at all times material to this Complaint was working in Chambers County as a Sheriff's Deputy for the Defendant, Commission." (Plaintiff's Complaint ¶ 3).

3. The Complaint also alleged that "On or about July 8, 2005, the Defendant, Jennings, was driving a vehicle, VIN#: 2FAFP71W9YX173942, which by his negligent and/or wanton conduct caused the multi-vehicle accident in which the Plaintiff, Jeffrey Barron, was involved in to wit: on Interstate 85, 0.2 miles North of the Alabama-Georgia line in Harris, Troup County, Georgia.

4. Defendant, Jennings, without giving proper notice slowed considerably to turn left onto the median and as a result of his sudden actions caused the Plaintiff's injuries." (Plaintiff's Complaint ¶ 6).

5. The Defendant, Werner Enterprises, Inc., filed an Answer on July 24, 2006 denying all allegations contained in the Plaintiff's Complaint.

6. The Chambers County Commission and Sheriff Deputy William Lewis Jennings filed Motions to Dismiss and supporting briefs on July 25, 2006, citing absolute immunity as a defense.

7. Plaintiff agreed that voluntarily dismissal of the Commission and Deputy Jennings in his official capacity was proper and filed a Motion in Opposition to the Dismissal regarding Deputy Jennings in his personal capacity.

8. The Circuit Court of Chambers County, Alabama granted the Defendants' motions on October 25, 2006.

9. Defendant, Werner Enterprises, Inc., removed this case to the Middle District of Alabama on October 31, 2006 based on diversity of citizenship jurisdiction. There is an Order dated November 3, 2006, regarding the Notice of Removal for not distinctly and affirmatively alleging each parties citizenship. Defendant Werner has until November 20,

2006, to amend the notice of removal.

10. Plaintiff filed a Motion to Alter, Amend, or Vacate the Order granting dismissal of Deputy Jennings in his individual capacity on November 10, 2006. (See attached).

### Argument

11. Defendant's Motion to Dismiss was not proper because there are factual questions regarding whether Defendant Jennings was acting within his official capacity or in some individual capacity at the time of the accident.

12. Plaintiff opposed the dismissal of Defendants, Chambers County Commission and Deputy Jennings, and therefore the "voluntary-involuntary" rule is applicable.

13. Defendant cites the Court to Ex Parte Town of Lowndesboro, 2006 WL 1304902 (Ala. May 12, 2006), in which a commissioner was sued in his *official capacity* and the Alabama Supreme Court said that Article 1, Section 14 of the Alabama Constitution entitled the commissioner to sovereign immunity. (Emphasis added).

14. Plaintiff Barron does not dispute that any claims for money damages against the Defendant Chambers County Commission are due to be dismissed without prejudice. Likewise, Plaintiff agrees that Deputy Jennings, in his official capacity, is entitled to a dismissal as to claims for money damages. But as to the claims against Deputy Jennings in an individual capacity with regards to negligence and wantonness, dismissal as to those claims should have been denied.

15. The facts are unclear as to whether Deputy Jennings was acting in an official capacity or in some individual capacity at the time of the accident, but regardless Defendant Werner, according to Insinga v. LaBelle, 845 F.2d 249 (11th Cir. 1988), is not entitled to removal

because jurisdiction as to Deputy Jennings in his individual capacity is proper.

16. The Supreme Court of Alabama held that: "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003); Mitchell v. Davis, 598 So.2d 801, 806 (Ala.1992).  "In determining whether an action against a state officer or employee is, in fact, one against the State, [a] [c]ourt will consider such factors as the nature of the action and the relief sought." Phillips v. Thomas, 555 So.2d 81, 83 (Ala.1989).  Such factors include whether "a result favorable to the plaintiff would directly affect a contract or property right of the State," Mitchell, 598 So.2d at 806, whether the defendant is simply a "conduit" through which the plaintiff seeks recovery of damages from the State, Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988), and whether "a judgment against the officer would directly affect the financial status of the State treasury," Lyons, 858 So.2d at 261.  Moreover, the Alabama Court of Civil Appeals noted that claims against state officers in their official capacity are "functionally equivalent" to claims against the entity they represent. Hinson v. Holt, 776 So.2d 804, 810 (Ala.Civ.App.1998).  In Ex Parte Town of Lowndesboro, the commissioner represented [the Department of Corrections], which, as a department of the State, is entitled to sovereign immunity. Rodgers v. Hopper, 768 So.2d 963, 968 (Ala.2000) (holding that DOC is entitled to sovereign immunity under § 14, because a judgment against it would be paid from the treasury of the State).

17. In the present case, Plaintiff Barron does not dispute that if Deputy Jennings was sued while acting his official capacity that removal would be proper, but that is not necessarily

-4-

the case here. It is unclear whether Deputy Jennings was acting in his official or individual capacities. As such removal is improper because jurisdiction as to Deputy Jennings in his individual capacity is proper. If Deputy Jennings was acting in an individual capacity then removal is not proper because the judgment would not be against the state treasury.

18. Defendant Werner relies on the Order dismissing Defendants, Chamber County Commission and Deputy Jennings, on immunity grounds in large part because of the language of the Complaint. The Order reads as follows:

> Plaintiff's complaint alleges that at the time of the accident that is the basis of this action William Lewis Jennings was working as a Deputy Sheriff for Chambers County. Consequently, William Lewis Jennings is immune from suit and the complaint against him is due to be dismissed. The claims against the Chambers County Commission are dependant upon the claims against William Lewis Jennings. Therefore this action is due to be dismissed as to the Chambers County Commission.
> Order, dated October 25, 2006.

The Complaint was simply referencing that at the time of the accident Deputy Jennings was employed as a Deputy Sheriff for Chambers County. The Complaint does not specify as to whether Deputy Jennings was working in his official capacity at the time of the accident.

## Conclusion

19. Therefore, since Plaintiff has challenged the Order dismissing Deputy Jennings in an individual capacity, and Deputy Jennings would not be entitled to sovereign immunity if he was found to be acting in some individual capacity, the "voluntary-involuntary" rule is applicable an removal in improper.

WHEREFORE, premises considered, the Plaintiff avers that this Honorable Court lacks diversity jurisdiction over this matter because the "voluntary-involuntary" rule applies and therefore the Motion to Remove should be denied.

Respectfully Submitted,

s/ Timothy L. Dillard
Timothy L. Dillard,
Attorney for Plaintiff

**TRIAL COUNSEL:**
Timothy L. Dillard
Stewart S. Wilbanks

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles F. Carr, Esquire
Thomas L. Oliver, Esquire
Lea Richmond, IV, Esquire
100 Vestavia Parkway
Birmingham, Alabama 35216

Grant B. Smith, Esquire
DENNIS, CORRY, PORTER & SMITH, L.L.P.
Piedmont Fourteen
3535 Piedmont Road, Suite 900
Atlanta, Georgia 30305-4611

s/ Timothy L. Dillard
OF COUNSEL

IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| JEFFREY BARRON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 06-136 |
| ) | |
| WERNER ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO ALTER, AMEND, OR VACATE**

Comes Now Plaintiff Jeffrey Barron, by and through his attorney of record, and pursuant to Rule 59 of the Alabama Rules of Civil Procedure files this Motion to Alter, Amend, or Vacate the Order entered by this Court on October 25, 2006 and for grounds in support thereof states as follows:

1. This Court entered an Order granting the Defendants' Chambers County Commission and William Lewis Jennings respective Motions to Dismiss in connection with the above-referenced matter on October 25, 2006 wherein it dismissed both Defendants.

2. First as this Court knows, the Plaintiff contested the motion filed by the Defendants. Plaintiff challenged the motion on the basis of the fact that Defendant Deputy Jennings had yet to be deposed regarding this matter. The essence of Defendant Jennings' motion was that he was immune from suit, but there is no way to determine whether he was immune from suit without discovery.

3. As this Court knows, Plaintiff feels that Defendant's Motion to Dismiss is not proper because there are facts that might exist that would support the Plaintiff's claim, and as Defendant stated in his Standard of Review section of his Brief, "a motion to dismiss is

properly granted when no set of facts exists that would support the plaintiff's claim." Graul v. S & R Travels, Inc., 773 So. 2d1049, 1050 (Ala. Civ. App. 1999). Here, there are factual questions regarding whether Defendant Jennings was acting within the line and scope of his employment or acting on a "lark of his own."

4. Plaintiff did not dispute the fact that the claims against Deputy Jennings while he was acting in an official capacity were due to be dismissed along with the claims against Defendant Chambers County Commission, simply that claims against Deputy Jennings in an individual capacity were not presently resolved and could not be resolved without conducting at least some discovery, and therefore the motion to dismiss was inappropriate.

5. This Court acted too hastily in dismissing the Defendants before discovery could be conducted as to ascertain the status of Defendant Jennings at the time of the accident. Therefore, it was not proper at that time to dismiss Defendant Jennings when the question pertaining to whether he was acting in an official capacity or whether he was acting on a lark of his own, i.e., in an individual capacity was still unascertained.

6. Defendant Werner Enterprises, Inc., filed a Removal Petition on October 31, 2006.

7. Plaintiff prays that this Honorable Court will reconsider its prior Order and amend or alter the Order to allow the Plaintiff the opportunity to amend his complaint against the Defendant Jennings, in his individual capacity and allow the discovery to promptly go forward as to the truth of the facts as they pertain to the case at hand; to further alter or amend the Court's previous Order vacating the granting of the Defendant's Motion to Dismiss in order that the pleadings may be properly amended and plead and that discovery may be conducted.

WHEREFORE, premises considered, Plaintiff asks this Court to alter, amend, or vacate the Order on the basis as above stated.

Respectfully Submitted,

Timothy L. Dillard,
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record by first class U.S. Mail and addressed as follows on this the _____ day of November_____, 2006:

Charles F. Carr, Esquire
Thomas L. Oliver, Esquire
Lea Richmond, IV, Esquire
100 Vestavia Parkway
Birmingham, Alabama 35216

Grant B. Smith, Esquire
DENNIS, CORRY, PORTER & SMITH, L.L.P.
Piedmont Fourteen
3535 Piedmont Road, Suite 900
Atlanta, Georgia 30305-4611

OF COUNSEL