IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY BARRON, an individual,** ) | |
| ) | |
| Plaintiff, ) | Case No.: 3:06cv983-MHT(WO) |
| ) | |
| v. ) | |
| ) | |
| **WERNER ENTERPRISES, INC., a** ) | |
| **corporation, et al.,** ) | |
| ) | |
| Defendant. ) | |

**WERNER ENTERPRISES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO SHOW CAUSE WHY THE VOLUNTARY-INVOLUNTARY RULE IS APPLICABLE**

COMES NOW the Defendant, **Werner Enterprises, Inc.**, (hereinafter referred to as the "Defendant"), and replies to the Plaintiff's Response to Show Cause Why the Voluntary-Involuntary Rule is Applicable as follows:

1.  Contrary to the Plaintiff's assertion, the voluntary-involuntary rule is **not** applicable to the removal of this case. The Plaintiff's argument regarding the application of the voluntary-involuntary rule is misguided and overlooks the authority of <u>Insinga v. LaBella</u>, 845 F.2d 249 (11th Cir. 1988).

2.  The Plaintiff supports his position that the voluntary-involuntary rule applies to this removal by arguing that the Circuit Court of Chambers County ruled incorrectly on the Motion to Dismiss filed by Deputy Jennings in state court. That argument misses the point because the issue is not whether the state court ruled correctly, but whether this Court should apply the voluntary-involuntary rule in light of the state court's ruling. The Plaintiff ignores that precise issue because the precedent of <u>Insinga v. LaBella</u>, 845 F.2d 249 (11th Cir. 1988), which is on all fours factually and legally, is entirely contrary to the Plaintiff's position.

3.     Specifically, the Plaintiff argues that "as to the claims against Deputy Jennings in an individual capacity with regards to negligence and wantonness, dismissal of those claims ***should have been*** denied." (Pl. Resp. ¶ 14)(emphasis added).  The Plaintiff argues that, because Deputy Jennings should not have been dismissed in his individual capacity by the state court, removal is improper.  Again, this argument is misguided because the issue is whether in light of the state court's decision, the voluntary-involuntary rule should be applied by this Court.  The Circuit Court of Chambers County has already decided, over the Plaintiff's arguments, that the dismissal of Deputy Jennings on immunity grounds was warranted.

4.     In a brief to the state court, the Plaintiff fully presented the argument that the Circuit Court should retain jurisdiction over Deputy Jennings in his individual capacity.  After considering all of the parties' respective submissions, and after holding a hearing for oral argument on the issue, the Circuit Court of Chambers County dismissed Deputy Jennings entirely from this lawsuit.  Therefore, Deputy Jennings' citizenship status should not be considered for purposes of diversity of citizenship jurisdiction.  What is more, the dismissal of Deputy Jennings does not require an application of the voluntary-involuntary rule for purposes of assessing remand because the state court dismissed Deputy Jennings on immunity grounds.  See Insinga, 845 F.2d at 254.  Notably, the Plaintiff's response does not discuss or attempt to distinguish Insinga, most likely because that case is controlling and stands for the proposition that the voluntary-involuntary rule is inapplicable to this case.

5.     In Insinga, the Court of Appeals for the Eleventh Circuit stated that,

> [T]he state court's dismissal of the Board [non-diverse defendant] was based on sovereign immunity.  Under Florida law, sovereign immunity is a 'defense that relates solely to the jurisdiction of the court,' not the merits of the case.  Under these circumstances, we hold that the voluntary-involuntary rule does not apply and that the case was properly removed to the federal district court.

Insinga, 845 F.2d at 254.

Notably, while deciding whether the voluntary-involuntary rule applied, the Eleventh Circuit Court of Appeals did not assess whether the state court had ruled correctly on the resident defendant's motion for summary judgment. Rather, the Eleventh Circuit simply assessed the state court's basis for that ruling, which, as in this case, was jurisdictional because of state law immunity. Because the dismissal of the resident defendant was not based upon the merits of the case, the <u>Insinga</u> court held that the voluntary-involuntary rule did not apply. The facts in this case are almost identical to <u>Insignia</u> inasmuch as the state court dismissed the resident defendant, Deputy Jennings, on immunity grounds. "This constitutionally guaranteed principle of State immunity acts as a jurisdictional bar to an action against the State by precluding a court from exercising subject-matter jurisdiction." <u>Lyons v. River Rd. Constr., Inc.</u>, 858 So. 2d 257, 261(Ala. 2003). Thus, under the authority of <u>Insignia</u>, the voluntary-involuntary rule does not apply to this case.

WHEREFORE, PREMISES CONSIDERED, the Defendant avers that this Honorable Court has diversity of citizenship jurisdiction over this case because the voluntary-involuntary rule, as explained in <u>Insinga v. LaBella</u>, 845 F.2d 249 (11th Cir. 1988), does not apply.

        s/ Lea Richmond
        Charles F. Carr (CAR012)
        Thomas L. Oliver, II (OLI013)
        Lea Richmond, IV (RIC062)
        Counsel for Defendant Werner Enterprises, Inc., and Amhad Rashad Ranson

**OF COUNSEL:**
**CARR ALLISON**
P.O. Box 1126
Daphne, Alabama 36526-1126
Telephone:  (251) 626-9340
Facsimile:  (251) 626-8928

100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Timothy L. Dillard, Esq.
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203

Grant B. Smith, Esq.
**DENNIS, CORRY, PORTER & SMITH, L.L.P.**
Piedmont Fourteen
3535 Piedmont Road
Suite 900
Atlanta, Georgia 30305-4611

                                       s/ Lea Richmond, IV
                                       OF COUNSEL