## IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BARRON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **3:06 cv 983-MHT** |
| **WERNER ENTERPRISES, INC.,** | ) | |
| **and AMHAD RASHAD RANSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S BRIEF IN SUPPORT OF
### MOTION TO REMAND TO STATE COURT

**COMES NOW**, the Plaintiff, Jeffrey Barron, and hereby respectfully requests this

Honorable Court to remand the above-styled case from the United States District Court for the

Middle District of Alabama to the Alabama Circuit Court for Chambers County pursuant to 28

U.S.C. § 1447.  In support of his motion, the Plaintiff submits the following brief:

### Procedural History

1.    The Plaintiff, Jeffrey Barron, filed his Complaint (Civil Action No: 06-136) on June 26,

2006, naming Werner Enterprises, Inc., Amhad Rashad Ranson, Chambers County

Commission, and Chambers County Deputy Sheriff William Lewis Jennings.

2.    The Complaint alleged that: On or about July 8, 2005, the Defendant, Jennings, was

driving a vehicle, VIN#: 2FAFP71W9YX173942, which by his negligent and/or wanton

conduct caused the multi-vehicle accident in which the Plaintiff, Jeffrey Barron, was

involved in to wit: on Interstate 85, 0.2 miles North of the Alabama-Georgia line in

Harris, Troup County, Georgia.  Defendant, Jennings, without giving proper notice

slowed considerably to turn left onto the median and as a result of his sudden actions caused the Plaintiff's injuries.

3.      The Defendant, Ranson, was driving a tractor trailer, VIN # 1FUJBBCG32LG28067, which by his negligent and/or wanton conduct was caused to collide with the vehicle the Plaintiff, Jeffrey Barron, was occupying.  The Defendant, Ranson, failed to timely apply his brakes, failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances, failed to regulate his speed under the circumstances, and failed use ordinary prudence by following too closely; and as a result of the his negligence caused the Plaintiff's injuries.

4.      Defendants Chambers County Commission and William Lewis Jennings filed Motions to Dismiss on July 25, 2006, claiming immunity.

5.      Defendant Jennings filed a Motion to Stay Discovery on or about October 19, 2006, pending the result of the Motion to Dismiss

6.      The Circuit Court of Chambers County, Alabama entered an Order granting the Defendants' Chambers County Commission and William Lewis Jennings respective Motions to Dismiss on October 25, 2006 wherein it dismissed both Defendants

7.      Defendant, Werner Enterprises, Inc., removed this case to the Middle District of Alabama on October 31, 2006 based on diversity of citizenship jurisdiction.  There is an Order dated November 3, 2006,  regarding the Notice of Removal for not distinctly and affirmatively alleging each parties citizenship.  Defendant Werner had until November 20, 2006, to amend the notice of removal.  Defendant Werner amended its Removal Notice on November 17, 2006.

2

8.    Plaintiff filed a Motion to Alter, Amend, or Vacate the Order from the Circuit Court of

       Chambers County granting dismissal of Defendant Jennings in his individual capacity on

       November 10, 2006.

8.    Plaintiff filed a Motion to Remand on November 20, 2006.

9.    This Court Ordered the parties to submit all briefs regarding the Motion to Remand by

       November 27, 2006.

**Argument**

**There was no "voluntary" act by Plaintiff that can justify the removal of this case.**

10.   The State Court's Order dismissing Defendants Chamber County Commission and

       William Lewis Jennings and thereby eliminating the non-diverse defendant from the

       lawsuit was clearly precipitated by Defendant's Motion to Dismiss. Plaintiff opposed that

       motion. Hence, the dismissal of the non-diverse defendants was an "involuntary" act,

       thereby making it ineligible for removal to this Court. Therefore, this action should be

       remanded.

11.   A reversal on appeal in state court would destroy the diversity of the parties, make any

       action of the federal court a nullity, and offend, thereby, traditional notions of judicial

       economy. The *Insinga* approach fails to recognize an important reason for the voluntary-

       involuntary rule, that an involuntary dismissal may subsequently be appealed by the

       Plaintiff to a state appellate court and reversed. Insinga v. LaBella, 845 F.2d 249 (11th

       Cir. 1988). Dismissals by state courts are nonconclusive in nature.

12.   The dismissal of non-diverse defendants or parties was an involuntary action. Plaintiff

       contends that removal was improper because his case became removable as the result of a

3

state court order that effectively dismissed the non-diverse defendants over Plaintiff's objections.

13.    The *Insinga* case is distinguishable in that it involved a voluntary dismissal of a resident defendant whereas *Barron* does not.   Also at the filing of the *Barron* case there was a certain possibility that there was indeed a plausible cause of action against the resident defendant.  *See* Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983).

14.    It is along the lines that the joinder of the resident defendant was not fraudulent, not frivolous but was not meritorious.  Id.  Also Plaintiff has previously argued the ruling by the state court was in essence a ruling on the merits and a not a ruling on the question purely of jurisdiction.  Whitcomb v. Smithson, 175 U.S. 635, 638 (1900).   The Florida court said in its ruling that sovereign immunity is a defense that relates solely to the jurisdiction of the court, not the merits of the case.  State Road Dept. v. Brill, 171 So.2d 229, 230 (Fla. Dis. Ct. App. 1980).

15.    This is not the language or the holding of the Alabama Courts and clearly makes the *Insinga* case distinguishable.

16.    Unquestionably, the voluntary/involuntary rule is applicable to the *Barron* case.  Note the *Jenkins* and *Haight* case where action by the plaintiffs amounted to "voluntary acts which made those cases removable and distinguishable as to this *Barron* case.  See Pullman Co. v. Jenkins, 305 U.S. 534 (1939), Southern Pacific Co. v. Haight, 126 F.2d 900 (9th Cir. 1942).

**WHEREFORE, PREMISES CONSIDERED**, the considerations in the cases presented indicate that the Motion to Remand should be Granted.

4

Respectfully Submitted,


s/ Timothy L. Dillard
Timothy L. Dillard,
Attorney for Plaintiff


**TRIAL COUNSEL:**
Timothy L. Dillard
Stewart S. Wilbanks


## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles F. Carr, Esquire
Thomas L. Oliver, Esquire
Lea Richmond, IV, Esquire
100 Vestavia Parkway
Birmingham, Alabama 35216


Grant B. Smith, Esquire
DENNIS, CORRY, PORTER & SMITH, L.L.P.
Piedmont Fourteen
3535 Piedmont Road, Suite 900
Atlanta, Georgia 30305-4611


s/ Timothy L. Dillard
OF COUNSEL

5