IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| JEFFREY BARRON,                    )<br>                                   )<br>        Plaintiff,                  )<br>                                   )<br>    v.                             )<br>                                   )<br>WERNER ENTERPRISES, INC.,          )<br>and AMHAD RASHAD RANSON,           )<br>                                   )<br>        Defendants.                ) | CIVIL ACTION NO.<br>   3:06cv983-MHT<br>        (WO) |

OPINION AND ORDER

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, see 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff Jeffrey Barron's motion to remand pursuant to the "voluntary-involuntary" rule. For the reasons outlined below, the court finds that the voluntary-involuntary rule applies, and thus this action should be remanded to state court.

## I. BACKGROUND

The events leading up to this order are chronologically as follows:

<u>July 8, 2005</u>: Barron was injured in a three-car accident in which he and defendants William Lewis Jennings and Amhad Rashad Ranson were the drivers.

<u>June 19, 2006</u>: Barron filed this lawsuit in an Alabama state court charging Jennings and Ranson with negligence and wantonness. He also named the Chambers County Commission and Werner Enterprises, Inc. as defendants, alleging that they were employers of Jennings and Ranson, respectively, at the time of the accident. He named Jennings as a defendant in both his official capacity (as a Deputy Sheriff of Chambers County) and individual capacity.

<u>July 25, 2006</u>: Both Jennings and the commission filed motions to dismiss. In support of his motion, Jennings argued that he was absolutely immune from this lawsuit. In support of its motion, the commission argued that deputy sheriffs are employees of the state, and not the

2

county in which the serve.  Barron opposed Jennings's motion to the extent he had sued Jennings in his individual capacity; he did not oppose the commission's motion.

October 25, 2006:  The state trial court granted both dismissal motions.

October 31, 2006:  Because the two non-diverse defendants, Jennings and the commission, had been dismissed, Werner removed this case to federal court based on complete diversity-of-citizenship jurisdiction between Barron and the two remaining defendants.  Barron is a citizen of Alabama while Werner is a citizen solely of Nebraska, and Ranson, who had not been served at the time, is a citizen of Louisiana.

November 3, 2006:  This federal court issued an order asking the parties to show cause as to why this case should not be remanded to state court based on the voluntary-involuntary rule.

November 7, 2006:  Barron filed a motion in the state trial court asking that court to reconsider its order

3

dismissing Jennings in his individual capacity. In support of the motion, Barron asked that he be allowed to amend his state-court complaint to allege his claims against Jennings in more detail.

<u>November 20, 2006</u>: Barron filed a motion in federal court asking that this case be remanded back to state court based on the voluntary-involuntary rule.

## II. DISCUSSION

Under the "voluntary-involuntary" rule, a case can be removed under diversity jurisdiction if the "resident defendant was dismissed from the case by the voluntary act of the plaintiff, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed." <u>Weems v. Louis Dreyfus Corp.</u>, 380 F.2d 545, 547 (5th Cir. 1967).[1] Behind the rule is a notion of finality that is

---

1. In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the (continued...)

4

essential to "prevent removal to a federal court when the nondiverse party was eliminated by a state court order that might be reversed on appeal." 14 Wright, Miller & Cooper, § 3723. See also Weems v. Louis Dreyfus Corp., 380 F.2d 545 (5th Cir. 1967). Relying on this rule, Barron contends that his case cannot be removed because Jennings was dismissed as the result of state-court action against Barron's wish.[2]

Werner responds with the decision of the Eleventh Circuit Court of Appeals in Insinga v. LaBella, 845 F.2d 249 (11th Cir. 1988). There, the appellate court held that, even though the dismissal of the defendant was against the wish of the plaintiff, the voluntary-involuntary rule did not apply and the case was properly removed where the dismissal was based on jurisdiction, which included a dismissal based on the claimed sovereign

_____

1. (...continued)
close of business on September 30, 1981.

2. Barron agrees that because he did not oppose the dismissal of the Chambers County Commission, its dismissal was voluntary.

5

immunity of the defendant.    845 F.2d at 254.    It would
appear that Insinga should control here and thus this case
should not be remanded, for Jennings was dismissed for a
jurisdictional reason, that is, based on sovereign
immunity.    See Ex parte Town of Lowndesboro, ___ So.    2d
___, ___, 2006 WL 1304902, *2 (Ala. May 12,2006) ("When an
action is one against the State or a State agency, § 14 [of
the Alabama Constitution] wholly removes subject-matter
jurisdiction from the courts."). However, a more detailed
analysis of the Insinga decision indicates that the holding
of the case clearly does not apply here.

In Insinga, the case was removed from state to federal
court after the time for appeal from a summary judgment,
granting in favor of a resident defendant based on
sovereign immunity, had run, and thus the judgment was
final.    The Eleventh Circuit held that the voluntary-
involuntary rule did not apply and upheld the removal.    The
appellate court carefully wrote that, "while finality in
the state court as to all resident defendants may be a
necessary condition to support removal, it is not a

sufficient prerequisite nor is it synonymous with voluntariness." 845 F.2d at 252. Thus, in <u>Insinga</u>, the fact that the resident defendant had been dismissed and the fact that that dismissal had become final in state court (that is, the time for appeal had run, with the result that the plaintiff had thereby acquiesced to the dismissal) was not enough. Relying on a Supreme Court case where the voluntary-involuntary rule was applied even though the dismissal of the defendant had become final, <u>Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.</u>, 215 U.S. 246 (1909), the Eleventh Circuit said that finality was not enough; there had to be more. <u>Insinga</u>, 845 F.2d at 252. Thus, absent finality, the voluntary-involuntary rule is dispositive.

The Eleventh Circuit said this additional determinative factor was whether the dismissal of the resident defendant against the plaintiff's wish was jurisdictional or was based on the merits. <u>Id</u>. at 254. If jurisdictional, the presence of the dismissed defendant was more akin to 'fraudulent joinder' and the voluntary-

involuntary rule did not apply; if on the merits, the voluntary-involuntary rule applied. <u>Id</u>.

Critical to the <u>Insinga</u>'s court discussion was, as stated, that, "while finality in the state court as to all resident defendants may be a <u>necessary condition</u> to support removal, it is <u>not a sufficient prerequisite</u>." 845 F.2d at 254 (emphasis added). The court was looking at, and most importantly talking about, only those circumstances where finality was present; it was saying that finality alone was not enough. With the statement, it was not saying that finality was not necessary; to the contrary, it was saying that state-court finality is a "necessary condition" but not the only condition.

Indeed, this understanding is consistent with the critical comment in <u>Insinga</u> that, "In most of the instances in which the Supreme Court has employed the voluntary-involuntary rule, it appears that the elimination of the resident defendants was not final at the time the issue of the propriety of removal was considered because the state appellate process as to those defendants was not

8

complete. " 845 F.2d at 252-253 (citing American Car & Foundry Co. v. Kettelhake, 236 U.S. 311 (1915); Kansas City Suburban Belt Ry. v. Herman, 187 U.S. 63 (1902); Whitcomb v. Smithson, 175 U.S. 635 (1900)).

Here, this court is presented with the converse of that that was presented in Insinga: a situation where the dismissal of the resident defendant was not final. Only if the dismissal of Jennings had been made final before removal would the Insinga question (whether that dismissal was jurisdictional or based on the merits) be critical and have to be answered. Because the dismissal of Jennings was not final, the voluntary-involuntary rule applies and this case must be remanded.

Werner cannot, with removal, cut off Barron's proper right to ask the state trial court to reconsider Jennings's dismissal and, failing in that effort, to ask the state appellate courts, including the Alabama Supreme Court, to review the action of the trial court. In short, Werner cannot, by itself, foreclose any state appellate review of the state trial court's action.

9

Accordingly, because this court lacks subject-matter jurisdiction, it is the ORDER, JUDGMENT, and DECREE of the court that, pursuant to 28 U.S.C. § 1447(c), plaintiff Jeffrey Barron's motion to remand (doc. no. 11) is granted and this case is remanded to the Circuit Court of Chambers County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 28th day of November, 2006.


       /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.    **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)    **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b)    **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)    **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)    **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.    <u>**Time for Filing**</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    <u>**Format of the notice of appeal:**</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.    <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).